Affidavit of administratrix, "that the above account is truly extracted from the books of the deceased, and that she believes the same to be a just and true account, and that since the death of the intestate she has received no part thereof," held sufficient to hold to bail—(nem. con.).

[See Case No. 10,828.]

McLAUGHLIN (PATTERSON v.). See Case No. 10,828.

## Case No. 8,872.
### McLAUGHLIN v. RIGGS.
[1 Cranch, C. C. 410.] [1]

Circuit Court, District of Columbia.　June Term, 1807.

DISTRESS FOR RENT—REPLEVIN—PLEA "NO RENT ARREAR"—AUTHORITY—DEATH OF LESSEE.

1. Upon the issue "no rent arrear," the defendant is not bound to prove that the distress was laid by his order or authority.

2. The landlord may distrain after the death of the lessee.

Replevin. Avowry for rent arrear—plea, no rent arrear and issue.

F. S. Key, for plaintiff, moved the court to instruct the jury that the defendant, to maintain the issue on his part, must prove that the distress was laid by himself or by some person by him duly authorized; and that the defendant had no right to distrain after the death of Charles McLaughlin, the lessee.

But THE COURT (nem. con.) refused.

## Case No. 8,873.
### McLAUGHLIN v. STELLE.
[1 Cranch, C. C. 483.] [1]

Circuit Court, District of Columbia.　June Term, 1808.

COURTS—JURISDICTIONAL AMOUNT—NON PROS.

Assumpsit. Verdict for $11. Non pros.: it being below the jurisdiction of this court.

[Cited in Hellrigle v. Dulaney, Id. 6,343.]

See Currey v. Fletcher [Case No. 3,490], Dec. term, 1802.

## Case No. 8,874.
### McLAUGHLIN v. STEPHENS.
[2 Cranch, C. C. 148.] [1]

Circuit Court, District of Columbia.　April Term, 1818.

MUNICIPAL CORPORATION—ORDINANCE—GAMING—STATE LAW.

The common council of Alexandria, have power to prohibit by their by-laws, the keeping of gaming-tables in the town, under a penalty to be recovered by warrant before the mayor, in the name of the common council, and to be levied upon the goods and chattels of the offender, although he may be also liable to prose-

[1] [Reported by Hon. William Cranch, Chief Judge.]

cution under the laws of Virginia, adopted by the act of congress of the 27th of February, 1801 [2 Stat. 103].

[Cited in Town of Van Buren v. Wells (Ark.) 14 S. W. 40; State v. Lee, 29 Minn. 453, 13 N. W. 915.]

Trespass against the defendant (who was a constable,) for levying a penalty of $20, under the by-law of the 15th of June, 1816, for keeping a faro-table. By the amended charter of 1804 (section 5) the common council of Alexandria has power to make "all laws which they shall conceive requisite," "for the regulation of the morals and police of the town," and "for the prevention and removal of nuisances," "and to enforce the observance of their said laws by reasonable penalties and forfeitures to be levied upon the goods and chattels of the offender," provided that such laws shall not be inconsistent with the laws and constitution of the United States.

Mr. Mason, for plaintiff, contended that the power to make by-laws, was not intended to give the corporation power to make laws concerning matters which were already regulated by the general law of the land; but only concerning such subjects as affected the morals or police of the town exclusively. That the offence was already provided for and prohibited by the act of assembly of Virginia of the 19th of January, 1798, p. 373. That gaming did not affect the town exclusively. That the plaintiff might be twice punished for the same offence, if he was liable to this penalty.

Mr. Taylor, contra. This by-law applies exclusively to the police of the town. The penalty is for keeping the gaming-table in the town, which is a circumstance of aggravation of the offence, and is necessary to the conviction.

THE COURT (nem. con.) was of opinion, that the corporation had power to pass the by-law, and to enforce it in this manner.

## Case No. 8,875.
### McLAUGHLIN v. TURNER.
[1 Cranch, C. C. 476.] [1]

Circuit Court, District of Columbia.　Dec. Term, 1807.

PLEADING AT LAW—ASSUMPSIT—ACCOUNT COUNT—ACCOUNT FILED—DAY STATED.

1. Upon a count "for sundry matters properly chargeable in account, as by account annexed," it is not necessary that the account should be such as would be evidence per se under Act Md. 1729, c. 20.

2. The day stated in the declaration is not material, so that the articles were delivered and payable before the action brought.

The first count of the declaration stated that the defendant [Samuel Turner] was indebted to the plaintiff [McLaughlin's administrator] "for sundry matters properly chargeable in account, as by an account there-

[1] [Reported by Hon. William Cranch, Chief Judge.]