## CITY OF ST. LOUIS vs. BENTZ.

The charter of a city giving power to "regulate the police" of the city, authorizes an ordinance to punish vagrants—and such ordinance does not conflict with the general law concerning vagrants.

### ERROR to St. Louis Criminal Court.

C. C. CARROLL, *for Plaintiff in error.*

FIELD & HALL, *for Defendant in error.*

McBRIDE, J., *delivered the opinion of the Court.*

John Bentz was proceeded against before the Recorder of the city of St. Louis under the provisions of an ordinance of said city, entitled "An ordinance respecting vagrants," approved 8th July, 1845, and numbered 1502. Upon the trial, he was found guilty, and a fine of $75 was asssessed against him by the said Recorder, whereupon he obtained an appeal

to the Criminal Court, and there moved to dismiss the proceedings and quash the information against him, for the reason, "that the ordinance of said city under which the said complaint is made is null and void—the city aforesaid having no power by its charter to pass such ordinance." His motion was sustained, and the complaint dismissed by that court; the city excepted, and has brought the case here by writ of error.

By the 38th subdivision of the 2nd section of the 3rd article of the charter of the city of St. Louis, the city council are vested with power " to regulate the police of the city." Although this is a very vague and indefinite grant of power, yet it must have been intended to confer other powers than those specifically granted, otherwise there existed no propriety in the enactment. When, therefore, it can be seen that the exercise of any jurisdiction by the corporation can be clearly brought within the scope of this grant without a violation of the constitution or a conflict with the laws of the State, there can be no objection to its exercise. We think this case is one of that character. It is not like the case of Jefferson City vs. Courtmire, 9 Mo. R., 692, which was a summary proceeding before an alderman of that city, for an offence made indictable by law. It is true, that by the general law of the State, an individual found to be a vagrant under the provisions of the statute, may be proceeded against before a justice of the peace, but this does not forbid the corporation making a local regulation on the same subject—a subject affecting the well being and prosperity of the community to as great an extent as almost any other within the control of the corporation.

The judgment of the Criminal Court is therefore reversed, and the cause remanded.