*J. P. Usher,* for the plaintiff.

---

### AMBROSE *v.* THE STATE.

The provisions of section 8 of the act of 1848 "to reduce the law incorporating the city of *Madison,* and the several acts amendatory thereto, into one act," &c., so far as they relate to the licensing of persons to retail spirituous liquors, did not repeal, by implication, within the corporate limits of said city, the general provision in the R. S. 1843 upon the subject.

A party can not be punished twice for the same act, under the same jurisdiction; but he may under different jurisdictions; as for an act in violation of the charter of a city and a penal law of the state.

ERROR to the *Jefferson* Circuit Court.

STUART, J.—Indictment for retailing without license, found under the R. S. 1843. The record shows the act complained of to have been done in the city of *Madison,* under a license from that city.

The city of *Madison* granted the license, under an act passed subsequent to the R. S. 1843. Local Laws 1848, p. 92. And it is insisted that the latter act, so far as the corporate limits of the city were concerned, controlled the former act.

We can not carry repeal by implication that far. "Fixing rates and granting a license by the city excuses from

liability to the city ordinances, but can not excuse from liability to the penal laws of the state." *Sloan* v. *The State*, 8 Blackf. 361. This position, say the Court, is the correct one. And the language quoted is used of a subsequent local act, giving the *exclusive* right to license the retailing of spirituous liquor to the city of *Richmond*, any law or custom to the contrary notwithstanding.

This is a far stronger case than is made upon the charter of the city of *Madison*.

It is urged that it would be subjecting the party to be punished twice for the same offence. But that is not warranted. It is not pretended that a party can be twice punished under the same jurisdiction. But that the same act may be an offence against two different jurisdictions is no longer an open question. *Fox* v. *The State of Ohio*, 5 How. 410.—*Moore* v. *The People of Illinois*, 14 *id.* 13.— *The State* v. *Moore*, at the present term. 4 ﹅

We are clear that the defendant was properly convicted, notwithstanding his license from the city of *Madison*.

*Per Curiam.*—The judgment is affirmed with costs.

*J. W. Chapman* and *J. B. Merriwether*, for the plaintiff.