City of St. Louis v. Cafferata.

CITY OF ST. LOUIS, Defendant in Error, v. CAFFERATA, Plaintiff in Error.

1. The city of St. Louis was empowered by its charter of March 3, 1851, to prohibit the keeping open of stores, shops, and other places of business on Sunday; those transgressing the provisions of the fourth section of article 2 of the ordinance concerning misdemeanors (Rev. Ordinances, 1853, p. 514) are amenable to the penalties prescribed by said ordinance.

*Error to St. Louis Criminal Court.*

The charge against the defendant, Cafferata, was that he "on Sunday, July 1st, 1855, and after the hour of nine o'clock in the forenoon of said day, did keep open his confectionary for business purposes, situate, &c., within the corporation limits of the city of St. Louis, contrary," &c.

The fourth section of article 2 of the ordinance concerning misdemeanors, (Rev. Ord. 1853, p. 514,) with the violation of which defendant was charged, is as follows: "Sec. 4. Whoever shall, in this city, play on Sunday at billiards, ten pins, or other game of amusement, or any game or amusement in any highway, thoroughfare, or other public place; or shall on that day sell or offer to sell any merchandise or fermented or distilled liquors or wines; or shall, after the hour of nine o'clock in the forenoon of that day, keep his store, shop or other place of business open, shall be deemed guilty of a misdemeanor."

Upon the trial in the St. Louis Criminal Court, to which court this cause was taken by appeal from the decision of the

recorder, the jury were instructed as follows : "The defendant is charged with having committed a violation of the 4th section of the second article of the ordinance, entitled ' An ordinance concerning misdemeanors,' which has been read in evidence. In passing upon this case, the jury have nothing to do with any statutory enactment of the legislature of this state ; nor is the policy or wisdom of the city council, in passing such an ordinance, a proper question for your consideration. The only question for your determination is, whether the defendant is guilty of the violation of said ordinance as charged; and if you find that defendant was the proprietor of a confectionary store situate in the city of St. Louis, as set out in the complaint; that the first day of July last was a Sunday; and that defendant kept open the said store on that day, after nine o'clock in the forenoon, for business purposes, contrary to the provisions of the said ordinance—then you ought to find him guilty as charged, and assess a fine against him agreeably to the provisions of the ordinance of said city, fixing the penalty at not less than three nor more than one hundred dollars. The City of St. Louis, by its charter, has the power to pass ordinances regulating the manner in which business places shall be kept on Sunday, and to prohibit them from being kept open on Sunday for business purposes, as charged ; and this power may be exercised by the city by ordinance, entirely irrespective and independent of any statute of this state upon the same subject. If the defendant kept open a confectionary store of his after nine o'clock in the forenoon of that day above stated, and that was Sunday, and that he kept open the said store for business purposes, then the defendant is guilty, and so you should find ; and, in such case, it makes no difference whether the articles sold were of immediate necessity or not. If the jury find that the defendant is guilty, as charged, but can not agree as to the punishment, they can return a verdict so stating."

The defendant asked the court to give the following instructions, which were refused: "1. If the jury shall believe from the evidence that defendant did on the 1st day of July, being

the first day of the week, called Sunday, keep open his place of business after 9 o'clock, only for the purpose of selling articles of immediate necessity, as food, nourishment and refreshment for man, they ought to acquit. 2. If the jury find from the evidence that defendant kept his place open on Sunday solely for the purpose of selling articles which were food or drink, not distilled or fermented, to be eat or drank at the time of sale, or were provisions sold for present consumption, or were articles of immediate necessity to the purchaser, they ought to acquit. 3. If the defendant did keep open his place of business on the first day of the week, called Sunday, for the purpose of selling ice-cream, soda water, fruits and cakes, for immediate use and consumption, and not for sale again, and that said articles are of immediate necessity, then the jury ought to acquit. 4. The city can not exclude a person from keeping open his place of business on Sunday for the purpose of selling drugs, medicines, provisions or articles of immediate necessity; if the jury should therefore believe from the evidence that the defendant's place of business was open for the purpose of selling food and refreshment, which was eat and drank at the time of sale, they ought to acquit."

The defendant was found guilty of the offence charged.

*Hart & Jecko*, for plaintiff in error.

*McDonald*, (city attorney,) for defendant in error.


LEONARD, Judge, delivered the opinion of the court.

The ordinance under which the defendant was convicted was a lawful exercise of the power given to the local government " to make such rules, regulations, by-laws and ordinances for the purpose of maintaining the peace, good government and order of the city, and the trade, commerce and manufactures thereof, as they may deem expedient, not repugnant to the constitution and laws of this state." (City Charter of March 3, 1851, art. 3, sec. 2.) The police regulations of the state upon this subject, to be found in the 34th and 35th sections of

the 8th article of the act concerning crimes and punishments, have nothing to do with the present proceeding. The general legislature have regulated the subject for the whole state as they deemed proper, and the city government have made such local regulations as they thought fit for the good order and peace of the city. The provisions of the two laws are different, but there is no such inconsistency between them as to annul or in any way affect the provisions of the local law, (St. Louis v. Benton, 11 Mo. 61); and the defendant was subject to both laws and amenable to the penalties they prescribed. The judgment is affirmed.