THE CITY OF BROWNVILLE, PLAINTIFF IN ERROR, V. MINNIE G. COOK, DEFENDANT IN ERROR.

1. **Cities of the Second Class.** An ordinance passed by a city of the second class, punishing persons who willfully, maliciously, or mischievously meddle with, or trespass upon, the personal or real property of others, is not repugnant to the constitution or laws of the state.

2. ————: PROCESS AND PROCEEDINGS IN POLICE COURTS. A prosecution for the violation of a city ordinance should run in the name of "*The People of the State of Nebraska,*" and not in the name of the city.

THIS case came up from Nemaha county. It originated in the police court of the city of Brownville, and was a complaint, under an ordinance of that city, against Minnie G. Cook for maliciously breaking, with a cudgel, five beer glasses of one John Wagner, in his place of business in said city. The proceedings were had on the 5th day of April, A. D. 1873. The defendant plead guilty, and was fined three dollars and costs. A petition in error was filed in the district court upon which the judgment of the police court was reversed and set aside. The city then brought the cause here by petition in error.

*T. L. Shick and J. H. Broady*, for plaintiff in error.

The ordinance is within the legitimate scope of the police power of the city. *Genl. Stat.*, 147, *subd.* 33. And also within the scope of the general welfare clause, being "expedient for the good government of the city, the preservation of peace, good order," etc. *Genl. Stat.*, 122, *Sec.* 30. It is not inconsistent with the constitution or any law of the state. Nor can the ordinance be considered unreasonable and oppressive. These questions of unreasonableness and oppressiveness may, to some extent, be legislative, and so far as legislative, the decision of the city council is conclusive and absolute. *Dillon Mun. Corp.*, *Sec.* 58, 245. *Sower v. The City of Philadelphia*, 35 *Penn. Stat.*, 231. *Taylor v. The City of Carondolet*, 22 *Missouri*, 105.

*E. W. Thomas*, for defendant in error.

I.   The by-law was unreasonable and unnecessary. In this country, the courts have often affirmed the general incidental power of corporations, but have always declared that ordinances must be reasonable, consonant with the general powers and purposes of the corporation, and not inconsistent with the laws. or policy of the state. *Dillon Mun. Corp.*. *Sec.* 253–261. *Commissioners v. Gas Co.*, 12 *Penn. Stat.*, 318. *Stuyvesant v. Mayor, etc., of New York*, 7 *Cow.*, 588; *Mayor v. Thorne*, 7 *Paige Ch.*, 261. *Barling v. West*, 29 *Wis.*, 307.

II.   The city of Brownville derives its power from the act to incorporate cities of the second class, and that confers no authority to pass such a by-law as the present. An ordinance, which transcends the power vested in the body which passed it, is void. *Commonwealth v.*

*Robinson*, 5 *Cush.*, 438. *Rounds v. Munford*, 2 *Rhode Island*, 154.

LAKE, CH. J.

There are but two questions in this case that need be considered. Of these, however, only the one which I shall first notice was discussed at the bar. This relates to the power of the city of Brownville, to pass the ordinance, under which the defendant was convicted and sentenced by the police judge.

The ordinance provides, "that any person who shall willfully, maliciously or mischievously meddle with, or trespass upon, the personal or real property of another, within the corporate limits of said city, shall be liable to a fine of not more than twenty-five dollars and costs, and in default of payment, shall stand committed to the city prison, until the same shall be paid."

Is there any want of authority on the part of the city of Brownville to pass this ordinance? By section thirty of the "act to incorporate cites of the second class, and to define their powers," it is provided, that "the mayor and council shall have the power to enact, ordain, alter, modify, or repeal, any and all ordinances, not repugnant to the constitution and laws of this state, and such as shall be deemed expedient for the good government of the city, the preservation of the peace, and good order, the suppression of vice and immorality," etc., "and such other ordinances, rules and regulations, as may be necessary to carry such power into effect." *General Statutes*, 142.

There can be no doubt that the power here given is ample to authorize the ordinance in question, for it is in no sense repugnant to the constitution or laws of the state, and, if strictly enforced, would certainly tend to the peace and good order of the inhabitants of the city,

which are among the chief objects that the legislature had in view in the establishment of municipal governments.

Acts of the character charged against the defendant, ought certainly to be prohibited, and punished, and especially in cities and villages is a regulation of this kind highly proper, as a protection to the owners of property against the wanton injury or destruction thereof. The owner, to be sure, has his right of action against the trespasser, but, in a majority of cases, probably this would furnish no adequate protection, especially against injuries perpetrated by worthless and irresponsible persons.

Not only, therefore, does the act under which the city was incorporated authorize the passage of this ordinance, but it is also clearly within the established rule applicable to ordinances and by-laws of municipalities, that they must be reasonable, and in harmony with the established principles of the common law.

It was urged upon our attention, with considerable earnestness, that, inasmuch as at the time this offense was committed, there was a general statute in force on the subject of malicious mischief, this should be taken as embodying the entire legislative will on this subject, and therefore that it would be reasonable to presume, not only that no further regulation was contemplated, but that it would be altogether unnecessary and unreasonable. But I think no such presumption exists. Surely, if the general police laws of the state were considered ample by the legislature, for the good and efficient government of the people in every portion of the state, it would hardly have been worth while to establish any local municipal governments whatever. I think the reasonable presumption is rather the reverse of this, and that the people of cities and villages, for various reasons at once apparent to any one, require much more stringent

regulations for their government, than do those of the more sparsely settled districts of the state. In a city, property of every description is much more liable to the depredations, and individuals are far more frequently subjected to petty annoyances, at the hands of the evil disposed, than in the country, and it is the business of these local governments to provide all reasonable protection against them.

It will be observed, however, that the general statute in force at the time was not broad enough to cover this particular offense. It specified the property it was designed to protect, but that which the defendant destroyed was not mentioned. *Revised Statutes,* 1866, 628. On the other hand, this ordinance is general in its terms, embracing property of every description, both real and personal.

But, even as to property falling within the purview both of the statute and the ordinance, the former does not supercede the latter, for it is a principle of very general application, that the same act may constitute an offense both against the state, and the municipal government, and that both may punish it without infringing any constitutional right.

For these reasons, I conclude that this is a valid ordinance, for the violation of which the defendant was liable to the punishment which it imposes.

But another question is presented in the record for our consideration. This prosecution was commenced and conducted in the name of the municipality, and if it should be determined that this course was unauthorized, then it follows that the proceedings before the police judge cannot be sustained, and the judgment of the district court should be affirmed. I think it is clear, on principle, that a prosecution under this ordinance, whereby a fine and imprisonment may be imposed, is a public proceeding, and being such, it can only be con-

ducted in the name of "The People of The State of Nebraska." The fact that the ordinance is limited in its operation to the city of Brownville can make no sort of difference. The primary authority, that which gave to it vitality and force, came from the people, and found expression in the act of the legislature, under which the city was organized. Without this authority, it would have been a mere nullity.

The organization of separate governments for cities and villages, distinct from that of the state at large, is one of the means resorted to, and in fact enjoined upon the legislature by the constitution, for the promotion of the general welfare, not of the particular district embraced within the corporate limits alone, but of the entire state. Good government in every portion of the commonwealth is of the highest concern to every citizen thereof, and in which he must at all times feel a lively interest. Besides, these local governments are in no sense independent of state authority, but in all things are strictly subject to the control of the legislature.

Section ten, article four, of our state constitution, provides that "all process, writs, and other proceedings, shall run in the name of *The People of the State of Nebraska.*"[*] This, evidently, has particular reference to all those means by which the supreme power in the state is asserted, over either persons, or their property, in whatever mode, or by whatever instrumentality it may be done. And the fact that this power is asserted, must be declared upon the face of the process or proceeding. Nor does it make any difference, as it seems to me, whether such process be issued, or proceeding be taken, by the highest or the lowest of the judicial tribunals created, or authorized by the constitution; it must be done in the name of "The People."

[*] The constitution taking effect Nov. 1, 1875, provides that process shall run, and prosecutions be carried on, in the name of " The State of Nebraska."

City of Brownville v. Cook.

Section one of the same article of the constitution declares that "the judicial power of the state shall be vested in the supreme court, district courts, probate courts, justices of the peace, *and such inferior courts as the legislature may from time to time establish.*" The last clause of this section no doubt includes police courts established by the legislature for the enforcement of city ordinances; and these within their limited jurisdiction, call into action and assert the power and dignity of the state, just as clearly and authoritatively, as can be done by the highest court created by the constitution, when acting within its jurisdiction. This being so, it follows as a necessary sequence, that this proceeding should have run in the name of "The People of The State of Nebraska," and not in that of "The City of Brownville." And I think this must have been the legislative construction of this article of the constitution, for they have nowhere attempted to authorize actions in their nature criminal, or *quasi* criminal, to be brought in the name of the municipality, but, on the contrary, we find it provided in section forty-five of the act to incorporate cities of the second class, that " in all cases not herein specially provided for, the process and proceedings before the police judge, shall be governed by the laws regulating proceedings in justices court, in civil and criminal cases respectively." This would seem to strengthen the conclusion to which I have arrived on this question, for in all criminal, or *quasi* criminal proceedings, before justices of the peace, they are, without exception, to be conducted in the name of " *The People of The State of Nebraska.*"

For the sole reason, therefore, that this prosecution cannot be maintained in the name of "The City of Brownville," the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurred. GANTT, J., did not sit.