1.   VAN BUREN V. WELLS.

2.   VAN BUREN V. WRIGHT.

3.   CASSIDY V. TEXARKANA.

Decided June 7, 1890.

1.   *Criminal law—Former conviction—Municipal ordinance.*

The same act may constitute an offense against the State, and against the municipal corporation, within whose limits it is committed, and both jurisdictions may punish it without violating the constitutional prohibition of double punishment.

2.   *Municipal corporations—Authority to pass ordinances.*

Municipal corporations, under section 764 of Mansfield's Digest, are authorized to pass ordinances, not inconsistent with the general laws of the State, punishing disturbances of the peace, carrying concealed weapons, keeping open saloons on Sunday, and other offenses, although such acts constitute offenses against the State under statutes of general application.

3.   *Municipal ordinance—Publication—Burden of proof.*

In a prosecution for the violation of a municipal ordinance, the burden is upon the defendant to prove that the ordinance was not published, as required by the statute (Mansfield's Digest, sec. 773).

Nos. 1 and 2.

APPEALS from *Crawford* Circuit.

H. F. THOMASON, Judge.

No. 3.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

*Nimrod Turman* for appellant in the Wells case.

1.   The town had a right to pass the ordinance. Mansf. Dig., sec. 764. The general welfare clause extends to prohibiting the carrying of concealed weapons. 84 Mo., 204.

It is necessary to use general terms to confer powers not specifically enumerated. 8 S. W. Rep., 791. See also 37 Ark., 364.

The ordinance is cumulative, but not inconsistent with the State laws. 8 S. W. Rep., 791; 4 Neb., 101; Bish., St. Cr., sec. 24; Cooley, Const. Lim., 199, and citations below.

2. A prosecution under either the statutes or ordinance is not a bar to proceedings under the other. 8 Ala., 515; 14 Ala., 400; 1 Dak., 108; 94 Ill., 11; 12 Ind., 582; 60 Ind., 457; 17 Md., 331; 27 Minn., 445; 21 Minn., 202; 13 Wend., 341; 4 Ore., 277; 6 Ore., 341; 6 Baxt., 567; 16 Lea, 240; 3 Tex. App., 643; 1 Utah, 108; 2 Cranch, C. C., 148; 3 Cranch, C. C., 656.

And, in the Van Buren v. Wright case, for appellant.

1. It is not necessary that the records show the publication of ordinances; it may be shown by parol. 62 Iowa, 32; 50 Ill., 39. The burden to show that the ordinance had not been published was on the defendant. Mansf. Dig., sec. 773.

2. The same act may constitute two separate offenses, one against the State, and the other against the corporation. A conviction of one does not bar the other. See cases cited *supra* in the Wells case.

3. See further: 30 Ala., 540; 47 N. J., 285; 50 Ill., 39; 58 Wis., 144; 1 Wend., 260; 34 Ark., 303; 81 Ill., 108; 54 Mo., 17; 89 Mo., 44.

*Wells pro se.*

Under our laws the mayor has the power and authority of a justice of the peace, and, in trying cases defined and punished by the statutes of the State, he acts and is a justice of the peace. Mansf. Dig., secs. 797, 800; Hempst., 201.

When the statute has provided for the punishment of an

offense, before a municipal government can provide for punishing the same act, the power must be expressly given. No express power is given to punish the carrying of concealed weapons, unless it be under the general welfare clause. Mansf. Dig., sec. 764. Such power must be expressly given, and cannot be implied or inferred from the general welfare clause. 4 A. & E. Corp. Cases, 353; 7 A. & E. Corp. Cases, 654; 73 Cal., 142; 82 Ind., 175; 42 Ark., 461; 34 Am. Dec., 625 and note; Horr. and Bemis on Mun. Ord., sec. 89; 10 Abb., Pr. Rep., 205; 45 Ohio St., 118; 108 U. S., 110; 23 How. (U. S.), 435.

Powers are construed strictly, and any doubt is resolved against the corporation. 9 Am. St. Rep., 375; 23 Am. Rep., 502; Horr. and Bemis, Mun. Ord., sec. 125; Endl. on Int. Stat., 352; Sedg. on St., 400; 45 Ark., 336, 454; 1 Dill. on Mun. Corp. (3d ed.), secs. 361, 368.

Such ordinances must be consistent with the laws of the State. Horr. and Bemis on Mun. Ord., sec. 88, page 75; 73 Cal., 142; 1 Dill. on Mun. Corp. (3d ed.), secs. 366, 367-8; Const., art. 12, sec. 4; Mansf. Dig., secs. 749, 764.

*Scott & Jones* for Cassidy, appellant.

The State having a law covering this identical offense, there is no power under the law expressly given, whereby a city can, by ordinance, declare the same to be an offense. Mansf. Dig., secs. 1887-8; Hempst., 201. See also 1 Dillon on Mun. Corp. (2d ed.), sec. 302; 35 Ga., 145; 7 La. An., 651; 2 Doug. (Mich.), 334; 9 Mo., 692; 29 Mo. 330.

BATTLE, J. In the first case the facts are as follows: Wells was accused and convicted, before a justice of the peace of Crawford county, of carrying a pocket pistol concealed about his person within the corporate limits of the town of Van Buren in said county and in this State. At

the time this offense was committed, there was in full force and effect an ordinance of the town of Van Buren prohibiting the carrying of such pistols and imposing a fine on every person violating the same. After conviction in the justice's court, he was accused before the mayor of the town of violating this ordinance by the same act of which he was convicted, and for such violation was arrested and carried before the mayor. In the mayor's court he pleaded his former conviction and was tried and convicted. He appealed to the circuit court where his plea of former conviction was sustained, and he was discharged; and the plaintiff appealed to this court.

In the second case Frank Wright was accused and convicted in the court of the mayor of the town of Van Buren of a violation of an ordinance of said town by "disturbing the peace by fighting and attempting to fight, and by boisterous and obstreperous conduct and carriage and by using profane language." He appealed to the circuit court; and there he demurred to the charge, because, first, the records of the town of Van Buren do not show that the ordinance violated was published as required by law; and second, because it imposes a fine on persons for acts declared and made criminal by the statute of the State. The court sustained the demurrer and discharged the defendant, and plaintiff appealed.

In the last case, Mike Cassidy was accused and convicted before the mayor of the city of Texarkana in Miller county in this State of keeping his saloon open on the Sabbath and retailing wines and liquors on that day, in violation of a city ordinance. He appealed to the circuit court, was again convicted and then appealed to this court.

The acts of which the defendants in the first and third cases were accused, and a part of those with which the defendant in the second case was charged, are made penal by the statutes of this State. It may be conceded that they

1. Former conviction— Municipal ordinance.

were made criminal before any of the ordinances prohibiting them were passed. Did the town or city councils that enacted the ordinances have the authority to pass them? The only authority which can rightfully be claimed for their enactment is section 764 of Mansfield's Digest. This section provides: "Municipal corporations shall have power to make and publish, from time to time, by-laws or ordinances, not inconsistent with the laws of the State, for carrying into effect or discharging the power or duties conferred by the provisions of this act, and it is hereby made the duty of the municipal corporation to publish such by-laws and ordinances as shall be necessary to secure such corporations and their inhabitants against injuries by fire, thieves, robbers, burglars and other persons violating the public peace; for the suppression of riots and gambling and indecent and disorderly conduct; for the punishment of all lewd and lascivious behavior in the streets and other places; and they shall have power to make and publish such by-laws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof." Its language is sufficiently comprehensive to delegate the authority. But many courts have held that a municipal corporation can only pass ordinances punishing the same acts which are punishable under the general laws of the State, when expressly authorized to do so, and that no such authority will be presumed from a grant of power general in its nature. If this be true, it must be because the effect of such ordinances is to supersede the general laws upon the same subject. We cannot see any good reason why such authority, fitting and proper to be delegated to a municipal corporation, and plainly conferred in general terms, cannot be exercised by the municipality, unless it be because it is inconsistent with the general laws. That is the effect of the au-

thorities which hold it cannot be. Many of them say that the effect of such ordinances, if enforced, would be to oust the State of jurisdiction, or make the same offense punishable twice, once by the State and once by the corporation, contrary to the constitution, and, therefore, they are invalid. *In re Sic.*, 73 Cal., 142; *Jenkins v. Thomasville*, 35 Ga., 145; *Mayor v. Hussey*, 21 Ga., 80; *Adams v. Albany*, 29 Ga., 56; *Vason v. Augusta*, 38 Ga., 542; *Reich v. State*, 53 Ga., 73; *Foster v. Brown*, 55 Iowa, 686; *Washington v. Hammond*, 76 N. C., 33; *State v. Langston*, 88 N. C., 692; *State v. Brittain*, 89 N. C., 574; *State v. Keith*, 94 N. C., 933; *Ex Parte Smith*, Hempst., 201; *Ex Parte Bourgeois*, 60 Miss., 663; S. C., 7 Am. & Eng. C. C., 654.

But we do not think the ordinances in question are invalid because they make offenses twice punishable. Municipal corporations "are bodies politic and corporate, vested with political and legislative powers for the local civil government and police regulations of the inhabitants of the particular districts included in the boundaries of the corporations." In some respects they are local governments established by law to assist in the civil government of the country. They are founded, in part, upon the idea that the needs of the localities for which they are organized, "by reason of the density of population or other circumstances, are more extensive and urgent than those of the general public in the same particulars." Many acts are often far more injurious, while the temptation to do them are much greater, in such localities than in the State generally. When done in such localities they are not only wrongs to the public at large, but are additional wrongs to the corporations. To suppress them when it can be done, and, when there is a failure to do so, to punish the guilty parties, in many cases, form a part of the duties of such corporations. Many of them can and ought to be made penal by the incorporated cities and towns, although they are already made so by the statute. It some-

times becomes necessary for them to do so in order to accomplish the objects of their organization. When made penal by the State and the city or town, each act becomes a separate offense against the State and the municipality. In that event the penalty imposed by the city or town is superadded to that fixed by the general law, on account of the additional wrong done—for the offense against the municipality. In such a case the wrong doer would not be twice punished for the same offense.

In *Fox v. State of Ohio*, 5 How., 432, the Supreme Court of the United States held that the passing a counterfeit coin, which was punishable under the Federal law, might be punished by the State as a crime, and that the same act was an offense against the Federal government and against the State government. In delivering the opinion of the court in *Moore v. Illinois*, 14 How., 19, Mr. Justice Grier said: ''An offence, in its legal signification, means the transgression of a law. A man may be compelled to make reparation in damages to the injured party, and be liable also to punishment for a breach of the public peace, in consequence of the same act; and may be said, in common parlance, to be twice punished for the same offence. Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. * * * That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other.''

Judge Cooley says: ''Indeed, an act may be a penal offence under the laws of the State, and further penalties, under proper legislative authority, be imposed for its com-

mission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other." And further says: "Such is the clear weight of authority, though the decisions are not uniform." Cooley, Const. Lim. (6 ed.), p. 239 and cases cited; *Mayor v. Allaire*, 14 Ala., 400; *Hughes v. People*, 8 Col., 536; *Wragg v. Penn Township*, 94 Ill., 11; *Ambrose v. State*, 6 Ind., 351; *Williams v. Warsaw*, 60 Ind., 457; *Town of Bloomfield v. Trimble*, 54 Iowa, 399; *Shafer v. Mumma*, 17 Md., 331; *Wayne County v. Detroit*, 17 Mich., 399; *State v. Oleson*, 26 Minn., 507; *State v. Lee*, 29 Minn., 445; *St. Louis v. Bentz*, 11 Mo., 61; *St. Louis v. Cafferata*, 24 Mo., 94; *Linneus v. Duskey*, 19 Mo. App., 20; *City of Kansas v. Clark*, 68 Mo., 588; *Ex Parte Hollwedell*, 74 Mo., 395; *St. Louis v. Vert*, 84 Mo., 204; *Brownville v. Cook*, 4 Neb., 101; *Howe v. Treasurer of Plainfield*, 8 Vroom, 145; *State v. Bergman*, 6 Ore., 341; *State v. Williams*, 11 S. C., 288; *Greenwood v. State*, 6 Baxter, 567; *State v. Shelby*, 16 Lea, 240; *Hamilton v. State*, 3 Tex. App., 643; *McLaughlin v. Stephens*, 2 Cranch, C. C., 148; *United States v. Wells*, Id., 45; *United States v. Holly*, 3 Cranch, C. C., 656.

In Bishop on Statutory Crimes, it is said: "If the statute so authorizes, it is not apparent why a city corporation may not impose a special penalty for an act done against it, while the State imposes a penalty for the same act done against the State." Bish., St. Cr., sec. 23 (1st ed.).

In *Brizzolari v. State*, 37 Ark., 364, the validity of an ordinance passed by the common council of the incorporated town of Fort Smith on the 23d of December, 1873, declaring that it shall be deemed a misdemeanor for any able-bodied person to be found within the limits of the corporation having no visible or apparent means of subsistence, and neglecting to apply himself to some honest calling, punishable by fine, came in question. It was insisted that this ordinance was

abrogated by the adoption of the Constitution of 1874. This court held that, although the Constitution of 1874 vested exclusive original jurisdiction in all matters relating to vagrants in the county courts, it did not repeal the ordinance; that the jurisdiction vested in the county courts as to vagrants extended ''only to such matters of police regulations as are designed to prevent them from becoming burdensome to the county, or in their nature local or of special concern to the county,'' thereby virtually holding the doctrine laid down by Judge Cooley.

2. Municipal corporations— Authority to pass ordinances.

The ordinances in question are, therefore, not inconsistent with the general laws of the State upon the same subject; nor do they oust the State of any jurisdiction, if enforced, by making the same acts punishable, and are not invalid for these reasons. The only question, then, is, did the municipal corporations that passed them have the power to do so? The statutes expressly declare that they ''shall have power to make and publish such by-laws and ordinances, *not inconsistent with the laws of this State*, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof.'' The only limitation upon this power is, the by-laws and ordinances must ''not be inconsistent with the laws of the State.'' The ordinances in question do not fall within the limitation, and are wholesome provisions for the prosecution and improvement of the order and morals of the inhabitants for whose benefit they were designed, and a proper exercise of the power conferred. They are consequently valid. *Mayor v. Allaire*, 14 Ala., 400; *Bloomfield v. Trimble*, 54 Iowa, 399; *St. Louis v. Bentz*, 11 Mo., 61; *St. Louis v. Cafferata*, 24 Mo., 94; *State v. Williams*, 11 S. C., 288; *Hamilton v. State*, 3 Tex. App., 643; *McLaughlin v. Stephens*, 2 Cranch, C. C., 148; *United States v. Wells*, Id., 45; *City of St. Louis v. Schoenbusch*, 8 S.

W. Rep., 791; *State v. Beattie*, 16 Mo. App., 142; *Brown-ville v. Cook*, 4 Neb., 101.

The only remaining question is, was the burden on plaint-iffs to prove that the ordinances were published in the man-ner prescribed by the statutes. We think not. The statute makes printed copies of the ordinances of any city or incor-porated town, published by the authority of such city or town, and manuscript copies of the same, copied by the proper officer and having the seal of the city or town at-tached, evidence of the existence of the ordinances and their contents; and makes the failure to publish a sufficient defense to any suit or prosecution for the fines or penalties imposed by the ordinances. Mansf. Dig., secs. 771-773, 2835.

*3. Municipal ordinance—Publication—Burden of proof.*

The judgments in the first two cases are reversed, and the judgment in the last is affirmed.