KANSAS CITY, Respondent, v. CARRIE NEAL AND E. A. STEPHENS, Appellants.

Kansas City Court of Appeals, March 7, and April 4, 1892.

1. **Vagrants:** CHARTER OF KANSAS CITY: ORDINANCE. The state has granted Kansas City by its charter the express power to restrain and punish vagrants, and to define who shall be considered vagrants, and the provisions of the city ordinance in relation to vagrants are in harmony with the state statute on the same subject, and the city may

Kansas City v. Neal.

maintain a proceeding in its own name to impose and collect the fine imposed by such ordinance for its violation, though the ordinance was designed to reach certain vagrants not specifically embraced in the general statutes.

2. ———: KANSAS CITY ORDINANCE: CRIMINAL OFFENSE. The offense defined in the Kansas City ordinance, relating to vagrants, is not essentially the same as that defined in section 3485, Revised Statutes, 1889, and the proceeding thereunder does not charge a criminal offense.

3. Kansas City Charter: POLICE JUDGE. The charter of Kansas City provides that there shall be a police judge, who shall have exclusive jurisdiction over all cases arising under any ordinance of the city, and he, therefore, has jurisdiction of an alleged violation of its ordinance relating to vagrants.

4. Practice, Appellate: CRIMINAL COURT OF KANSAS CITY: REVIEWING FACTS: PRESUMPTION. Section 2155, Revised Statutes, 1889, does not apply to the criminal court of Kansas City, and the appellate court will not reverse the criminal court in the absence of the evidence, as every presumption is in favor of the judgment.

5. Kansas City Charter: APPEALS: PENAL ACTION. The prosecution of a violation of the ordinance of Kansas City, relating to vagrants, is in its nature a civil action to recover a penalty, and the mode and manner of taking an appeal in such cases is by the terms and provisions of the charter and ordinance of the city prescribed by the statutes governing appeals in civil cases before justices of the peace.

*Appeal from the Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*Frank Titus*, for appellant.

(1) The specific offense charged is that of being a vagrant, but the constituent facts alleged are at variance with such offense as defined by statute in section 8846, chapter 169, volume 2, Revised Statutes, and by section 3841, page 917, volume 1, Revised Statutes. The offense at which the ordinance of appellee seems aimed is declared a felony by section 3485, page 851, volume 1, Revised Statutes. The constitution of Missouri declares " such charter shall always be in harmony

with, and subject to, the constitution and laws of the state." A city may by ordinance mitigate the punishment provided for an offense by statute, but should not increase such penalty. *State v. Cowan*, 29 Mo. 330, 334; *City of St. Louis v. Schoenbusch*, 95 Mo. 618; *Kinley v. State*, Texas Ct. App. 1891; 16 S. W. Rep. 339. (2) The ordinance upon which this prosecution is based provides for the punishment of the culprit after a conviction before the city recorder. The only existing charter of appellee makes no mention of such an official as "city recorder," and contains no provision to the effect that offenses formerly cognizable by the city recorder shall come before the police judge. A recognizance given under such a state of facts should not be enforced. *State v. Swope*, 72 Mo. 399, 404. (3) Upon the finding of the facts by the criminal court, its judgment is illegal. Desty on American Criminal Law, sec. 137. *Carpenter v. People*, 8 Barb. 603. (4) The judgment against Stephens is contrary to law. "At common law there is no authority to render any judgment against a party unless such party has a day in court. If such right exists in this state it can only be by plain, positive, statutory provision." In the case at bar appellant Stephens was not a party to the cause of City v. Neal; he had never had his day in court; there was no charge against him of any kind, and no statute exists authorizing such a summary judgment against a surety conjointly with his principal in criminal proceedings. 1 R. S., secs. 4328–4380, art. 12, p. 994 (*et seq.*). Assuming the recognizance to be valid or lawful, the surety complied with his obligation when his principal duly appeared, and no further duty rested upon him. *State v. Bobb*, 39 Mo. App. 543; *State v. Mackey*, 55 Mo. 51; *People v. Stager*, 10 Wend. 431; *United States v. Backland*, 33 Fed. Rep. 156; 1 Archbishop on Criminal Practice & Pleading, pp. 201, 202; *State v. Cobb*,

44 Mo. App. 375. If, after conviction, defendant was permitted to escape, no liability accrues thereby against the surety. *State v. Rosseau*, 39 Tex. 614; *Moorehead v. State*, 38 Kan. 489; *Lyons v. State*, 1 Black. 308; *Keefaver v. Commonwealth*, 2 Pen. & Watts (Pa.) 240; *Commonwealth v. Coleman*, 2 Metc. (Ky.) 382; *Colquist v. Smith*, 65 Ga. 341; *Ogden v. People*, 62 Ill. 64; *Chase v. People*, 2 Col. 528; *State v. Bobb*, 39 Mo. App. 543; *State v. Randolph*, 22 Mo. 475. The judgment herein against Stephens should have been vacated, and the execution issued thereon against him quashed on his motion. *Newton v. Newton*, 32 Mo. App. 162. (4) In the case at bar the prosecution is not for the violation of a mere municipal by-law, such as failing to obtain a license or other offense not in its nature criminal, but for an offense which, aside from its designation, is in its nature a felony under our statutory law. If this prosecution is a mere civil suit, then the judgment complained of is yet more obviously illegal from lack of jurisdiction in the criminal court. Acts, 1871, sec. 2, p. 110. But the charter of Kansas City (sec. 17, art. 4) requires appeals in all cases tried before the police judge to be taken to the criminal court of Jackson county. *Q.* If this be a civil action, can a special city charter thus upset the established legal system of a state, and by mere *dictum* thus transform a court, the legislature declares a criminal court, into a circuit court, for purposes of a municipal and official revenue only?

*Jas. W. Fraher*, for respondent.

(1) The organic law of Kansas City gives express power "to restrain and punish vagrants," and "to define who shall be considered and treated as vagrants." Charter of Kansas City, 1889, art. 3, subdiv. 24 of sec. 1. It is valid because "the constituent facts alleged

are not at variance with such offense as is defined by statute in section 8846, chapter 169, volume 2, Revised Statutes, and by section 3841, page 917, volume 1, Revised Statutes. The validity of an ordinance is not affected by the existence of a state law upon the same subject not inconsistent with it. *Ex parte King*, 10 Mo. App. 442; *City of Linneus v. Dusky*, 19 Mo. App. 20; *St. Louis v. Bentz*, 11 Mo. 61; *St. Louis v. Cafferata*, 24 Mo. 94; *Independence v. Moore*, 32 Mo. 392; *State v. Wister*, 62 Mo. 592; *State v. Harper*, 58 Mo. 530; *Ex parte Hollwedell*, 74 Mo. 395; *State v. Cowan*, 29 Mo. 330; *City of St. Louis v. Schoenbusch*, 95 Mo. 618. (2) The police judge had jurisdiction, because article 4, section 15, Charter Kansas City, 1889, *eo nomine*, provides for a police judge, etc.; and the same article, section 17, states "that he shall have exclusive jurisdiction over all cases arising under any ordinance of the city." Art. 17, sec. 1; R. S., sec. 1849, p. 501; Charter, art. 17, sec. 19, p. 129. (3) Upon the finding of the facts by the criminal court, the judgment is legal. To employ is to use as an instrument or means of effecting an object. *McCluskee v. Cromwell*, 11 N. Y. 605. Or to engage one's services. *People v. McKinney*, 10 Mich. 85. The object of "this employment" is stated in the finding, based on the proof, to-wit: "To procure for her several girls to become inmates of her (the defendant's) bawdy-house." *State v. Gordon*, 4 Mo. App. 1; *People v. Cook*, 61 Cal. 478; *State v. Round*, 82 Mo. 679; *State v. Freasel*, 74 Mo. 524. (4) The judgment against Stephens is not contrary to law. New Charter, art. 4, sec. 17, p. 27; Revised Ordinances, 1888, chap. 43, sec. 904, p. 328; *Given v. Sinclair*, 52 Mo. 327; *Powell v. Camp*, 60 Mo. 569; *Gray v. Dryden*, 79 Mo. 106. "A crime is an act committed in violation of a public law" (4 Blackstone's Commentaries, 5; "a law coextensive with the bounda-

ries of the state which enacts it." "Such a definition is obviously inapplicable to a mere local law or ordinance passed in pursuance of, and in subordination to, the general or public law for the promotion and preservation of peace and good order in a particular locality," etc. *City of Kansas v. Clark*, 68 Mo. 588; *Williams v. City Council*, 4 Ga. 509; *City of Goshen v. Croxton*, 34 Ind. 239. "This proceeding is only a civil suit." *Piper v. City of Boonville*, 32 Mo. App. 138; *Town of Kirkwood v. Autenreith*, 11 Mo. App. 515; *Carrollton v. Rhomberg*, 78 Mo. 547; *Town of Memphis v. O'Connor*, 53 Mo. 468; 1 Dillon on Municipal Corporations [3 Ed.] secs. 408–413; *St. Louis v. Smith*, 19 Mo. 438; 74 N. Y. 406; 34 Iowa, 524; *City of St. Louis v. Vert*, 84 Mo. 204; *Greenfield v. Mook*, 12 Ill. App. 148; *Camden v. Block*, 59 Ala. 236; *City of De Soto v. Brown*, 44 Mo. App. 148; Horr & Bemis' Manual Police Ordinances, sec. 207, p. 187.

SMITH, P. J.—The defendant, Carrie Neal, was tried and found guilty before the police judge of Kansas City, upon an information based upon section 1075 of the ordinances of said city. She took an appeal to the criminal court of Jackson county, and for that purpose with the other defendant, Stephens, entered into a recognizance conditioned as provided in sections 6328 and 6329, Revised Statutes, 1889. Upon a trial anew in the criminal court the defendant, Carrie Neal, was again found guilty, and judgment was rendered against her and the said Stephens, the surety on her recognizance, under the provisions of section 6549, Revised Statutes. From this judgment the defendant, Carrie Neal, did not appeal. The defendant Stephens filed a motion to set aside the judgment and to quash the execution issued thereon, which motion being overruled, he appealed.

I.  The appealing defendants assails the judgment on several grounds, the first of which is that the specific acts of vagrancy charged in the information do not fall within the statutory definition of that offense. R. S., secs. 3841, 3846, 3847.  The English vagrants' act, statute 5, Geo. IV., as amended by 1 and 2, Vict. C. 38, form the basis of similar legislation in many of the states of the union.  Our statutes, as will be seen by reference to the sections already referred to, are quite comprehensive on the subject of vagrants.  Their specifications are much more extensive than those of the common law.  4 Blackstone's Commentaries, 169. The state has granted to the city by its charter, subdivision 24, section 1, article 3, the express power to restrain and punish vagrants and to define who shall be considered vagrants.  It is not perceived that the provision of the ordinance of the city is in anywise out of harmony with the statutory provisions on the same subject.  The rule is that when it can be seen that the exercise of any jurisdiction by the corporation can be clearly brought within the scope of the grant, without a violation of the constitution or a conflict with the laws of the state, there can be no objection to its exercise.  *St. Louis v. Bentz,* 11 Mo. 61; *St. Louis v. Schoenbusch,* 95 Mo. 618.  It has long been settled in this  state that municipal corporations may by ordinance prohibit acts which are made misdemeanors under the general statutes of the state, and for a violation of such ordinances may maintain a proceeding in their own name to impose and collect a fine.  *St. Louis v. Cafferata,* 24 Mo. 94; *State v. Cowan,* 29 Mo. 330; *Independence v. Moore,* 32 Mo. 392; *Ex parte Hollwedell,* 74 Mo. 395; *St. Louis v. Schoenbusch, supra; St. Louis v. Bentz, supra.*

The ordinance in question provides that any person misbehaving, as therein specified, shall be considered

and treated as a vagrant, It was, doubtless, designed to reach certain vagrants not specifically embraced in the general statutes. *St. Louis v. Schoenbusch*, 95 Mo. 618. And it is, therefore, within the grant of the charter to define who shall be considered and treated as vagrants. It is at most a local regulation of the same subject not in conflict with the general statutes. The offense defined in the ordinance is not essentially the same as that defined in section 3485, Revised Statutes; that section does not relate to vagrants at all. Vagrancy, under the statute, is but a misdemeanor, and, therefore, according to the authorities already cited may be the subject of local regulation. The offense charged in the information was not a criminal offense in the meaning of the constitution. *Marshall v. Stanard*, 24 Mo. App. 192; *Ex parte Hollwedell*, 74 Mo. 395.

II. It is further contended that the police judge was without jurisdiction, for the reason that the ordinance on which the prosecution was based provides that the offender, "upon conviction before the recorder," etc. The answer to this is that section 15, article 4, of the charter, provides "there shall be a police judge," and section 17 of the same article further provides that he shall have exclusive jurisdiction over all cases arising under any ordinance of the city," etc. The jurisdiction of the police judge is, by said charter provision, made exclusive over all cases arising under the ordinance of the city. The offense charged arises under an ordinance of the city, and was, therefore, within his jurisdiction, so that this contention of defendants cannot be sustained.

III. The defendants' further contention is that the finding of facts by the judge of the criminal court did not warrant the judgments. We are not aware of any statute making the provisions of section 2155, Revised Statutes, applicable to the said criminal court.

The finding of facts is not embraced in the judgment, nor can we regard such finding as part of the record proper in the case. We have only to deal with the judgment which is regular upon its face. The defendant, Carrie Neal, is not appealing, and if she were we could not review the finding of the criminal court in the absence of the evidence. Every presumption must be indulged in favor of the correctness of the finding and judgment of the court.

IV. The defendant finally contends that the judgment against him is contrary to law. It is a sufficient answer to this to state that section 17, article 4, of the charter expressly provides that "appeals in cases tried before the police judge shall be taken up and granted in the same manner as appeals from justices of the peace in civil cases, and section 1, of article 17, provides that all the ordinances in force at the adoption of this charter take effect, and shall remain in force, until repealed, etc. Section 904, chapter 43, revised ordinances of 1888, provides that appeals shall be granted upon giving like bond and affidavit, and within the same time as required on appeals from justices of the peace in civil cases. The provision of the statute, in relation to the appeals from justices of the peace, were thus adopted and became a part of the by-laws of the city. *City of Kansas v. O'Connor*, 36 Mo. App. 594.

Turning to sections 6328 and 6329, Revised Statutes, it will be seen the recognizance and the judgment thereon were proper. No notice was required by the statute to be given defendant before the rendition of the judgment. The charge of which the defendant, Carrie Neal, was found guilty was the infraction of an ordinance of the city. The action while penal was not criminal. It was in its nature a civil action to recover a penalty, and the mode and manner of taking an

appeal, in such cases, is by the terms and provisions of the charter and ordinance of the city prescribed by the statutes just referred to. *City v. Clark*, 68 Mo. 588; , *City v. Knox*, 74 Mo. 79. The law relating to the enforcement of recognizances in criminal cases has no sort of application to a case like this.

It results that the judgment of the criminal court will be affirmed. All concur.