THE CITY OF MOBERLY, Appellant, v. B. F. HOOVER, Respondent.

Kansas City Court of Appeals, April 7, 1902.

1. **Definitions: PEDDLER: STATUTE.** A peddler is one carrying goods from house to house for sale, but this definition is limited by section 8861, Revised Statutes 1899, so as to exempt from the jurisdiction of municipal corporations persons going about from place to place to sell books, etc.

2. **Municipal Corporation: CHARTER: ORDINANCE: PEDDLER.** The charter and ordinance of a municipal corporation must be construed in harmony with the laws and general legislative policy of the State, and ordinances taxing peddlers will be construed to harmonize with the general laws governing peddlers.

Appeal from Randolph Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*Frank T. Woods* for appellant.

(1) The authorities of the city of Moberly have the right and power to levy and collect a license tax on peddlers without any restrictions upon the common and ordinary meaning of the word "peddler." They had this power given them by the Legislature in 1887; it was continued under the Revised Statutes of 1889; and they still have the same power under the Revised Statutes of 1899. Peddlers of books are nowhere excepted. Session Acts of 1887, p. 72, sec. 39; R. S. 1889, sec. 1506; R. S. 1899, sec. 5857. (2) Under the Missouri statute relating to "laws" it is provided that "The construction of all statutes of this State shall be by the following rules, unless such construction be plainly repugnant to the intent of the Legislature, or of the context of the same statutes: first words and phrases shall be taken in their plain or ordinary and usual sense." R. S. 1899, sec. 4160; Webster's International Dictionary, title "Peddler"; Anderson's Law Dictionary, title "Peddler"; Black's Law Dictionary, title "Peddlers". (3) The contention of respondent in this case is that the word "peddler" in the city law (R. S. 1899, sec. 5857) must be construed according to, and is limited by, the definition found under the county law (R. S. 1899, sec. 8861). This view can not be correct.

*F. G. Ferris* for respondent.

(1) One who deals in the selling of books, by going about from place to place to sell the same, is not a peddler in Missouri. R. S. 1899, sec. 8861; Trenton v. Clayton, 50 Mo.

City of Moberly v. Hoover.

App. 535; State ex rel. v. Allison, 155 Mo. 325. (2) For nearly sixty years it has been the legislative policy of the State that any person may deal as a peddler in the selling of books without obtaining a license therefor. R. S. 1845, sec. 16; R. S. 1855, sec. 20; G. S. 1865, sec. 1; Wag. Stat. 1872, sec. 1; R. S. 1879, sec. 6471; R. S. 1889, sec. 7211; R. S. 1899, sec. 8861. (3) The law on cities of the third class (R. S. 1899, sec. 5857) gives the council "power and authority to levy and collect a license tax on  .  .  . peddlers," but thereby the city council of the city of Moberly is not authorized to levy and collect a license tax on "peddlers of books." Kansas City v. Hallett, 59 Mo. App. 160; Tiedeman on Municipal Corporations, sec. 150; 1 Beach on Public Corporations, sec. 88. (4) If there be a reasonable doubt as to the existence of this power claimed by the appellant, the power will be denied. Trenton v. Clayton, 50 Mo. App. 535; Beach on Public Corporations, sec. 89; 1 Dillon's Municipal Corporations (3 Ed.), sec. 91. (5) The city has no power to pass ordinances licensing peddlers except in conformity with the State law on the subject of "Peddlers and their Licenses." R. S. 1899, sec. 6258.

SMITH, P. J.—The defendant was prosecuted and convicted for the violation of an ordinance of the plaintiff—a city of the third class—which provided: "Every peddler shall pay a license tax of five dollars for every day he may sell in the city," etc. The offense alleged in the information was that the defendant "unlawfully exercised the business of a peddler by peddling books within the city without first having obtained a city license therefor, contrary," etc. The charter of the plaintiff (sec. 5857, R. S. 1899) provides that the council shall have power and authority to levy and collect a license tax on peddlers, etc.

The question now presented to us for decision is whether or not the information charges an offense within the meaning of the ordinance. A peddler has been defined to be an itin-

erant trader, who goes from place to place and from house
to house carrying for sale and exposing to sale, goods, wares
or merchandise which he carries.    State v. Hoffman, 50 Mo.
App. 585.    The term "peddler" is generic, and unless its sig-
nification as just stated has been restricted or modified by
statute, the facts alleged in the information make the defend-
ant a peddler; and therefore amenable under the ordinance.
The statute defines a peddler in this way, viz.:    "Whoever
shall deal in the selling of patents, patent rights, patent or
other medicines, lightning rods, goods, wares or merchandise,
*except* pianos  .  .  .    books, charts, maps and stationary
.  .  .   by going about from place to place to sell the same,
is declared to be a peddler."    R. S. 1899, sec. 8861.

It is thus seen that one who goes about from place to place
to sell books is not embraced within the signification of that
term.    A construction of said ordinance which would make
a peddler of one going about from place to place, within the
territorial limits of the plaintiff, offering for sale books, would
render it out of harmony with the provisions of the statute on
the same subject from which we have quoted.    The rule is,
that when it can be seen that the exercise of any jurisdiction
by a municipal corporation can not be brought within the
scope of the grant of its powers without a conflict with the laws
of the State the exercise of such jurisdiction can not be al-
lowed.    Kansas City v. Neal, 49 Mo. App. 72; St. Louis v.
Bentz, 11 Mo. 61; St. Louis v. Schoenbusch, 95 Mo. 618.

As was said by us in Kansas City v. Hallett, 59 Mo. App.
160:    "The by-laws of a municipal corporation in order to be
of any validity must be consistent with its charter and the
general statutes of the State creating it.    This is the well-
understood principle of the common law.    Such by-laws must
not be repugnant to the legislative policy of the State so mani-
fested by its general enactments."    Citing Dillon on Munic.
Corp. (4 Ed.), sec. 329; Tiedeman on Corp., sec. 150.    The
term "peddler" as found in the plaintiff's charter and ordi-

nance, must be construed therefore with reference to the general law of the State on the same subject; and when so construed the latter must not be out of harmony or repugnant to the legislative policy of the State as manifested by its general enactment. The term as employed in the plaintiff's charter must be construed with reference to the definition of it as declared in said section 8861, ante, and so must the ordinance in question. The construction contended for that is to say, that the plaintiff was authorized by ordinance to levy and collect a peddler's tax on any one going about from place to place offering books for sale, can not be sustained because the exercise of such jurisdiction is in excess of that conferred by its charter. Again, the statute (section 6258) provides: "Every municipal corporation in this State having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the State, unless prescribed by special provision of its charter, shall conform its jurisdiction in the passage of ordinances so as to be in harmony with the law of the State upon the same subject." And as held in State v. Hoffman, 50 Mo. App. 585, such corporations can not widen the scope of the powers conferred by their charter. It is our conclusion that by the term "peddler," as used in the plaintiff's charter and ordinance it is not to be understood as including persons who go about from place to place offering books for sale.

But the plaintiff contends that if this be so, then if the statute defining that term be repealed such term would become meaningless in the plaintiff's charter. In this, the plaintiff is in error. If that statute were repealed the term would then have the signification stated by us at the outset, and an offense like that charged in the information would be within the purview of the ordinance.

While we see no objection to the ordinance construed as we have stated it should be, we do not think that the offense charged in the information is within the purview of that ordi-

nance; therefore, the information was properly quashed by the trial court.

It results that the judgment must be affirmed.    All concur.