STATE, EX REL. J. F. VANNATTER, APPELLANT, V. KENNETH W. MCDONALD, APPELLEE.

FILED NOVEMBER 17, 1916.    No. 19610.

County Attorneys: PROSECUTIONS. It is not the duty of a county attorney to appear and prosecute one who is charged with an alleged violation of a village ordinance, where the prosecution is not based on the violation of any law of the state.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*F. E. Williams,* for appellant.

*Kenneth W. McDonald, pro se.*

BARNES, J.

This was an application for a writ of mandamus to require the respondent, as county attorney of Morrill county, to prosecute one Anton Cernak for an alleged violation of the provision of ordinance No. 10 of the village of Bridgeport, in said county. The district court allowed

an alternative writ, and on the return thereto, after a hearing, the court rendered judgment for the respondent and dismissed the relator's petition. The relator has appealed.

The ordinance alleged to have been violated provides that it shall be unlawful for any person or persons to disturb the peace and good order of the village of Bridgeport by making any loud or unusual noise within the limits of said village, or fighting or threatening to fight, or by offensive or indecent exposure of the person, or by being intoxicated on any street or other public place, or in any private place, or by using any obscene, loud or profane language in any street or other public place in said village, to the annoyance of any person therein. It also provides that any person or persons guilty of violating any of the provisions of the ordinance shall, upon conviction thereof, be fined in any sum not less than $1 or more than $10 and costs of prosecution, and shall stand committed until such fine and costs are paid.

In disposing of the case the trial court made the following finding: "(6) The court further finds that it is not a duty imposed upon the defendant as county attorney to prepare, sign, verify and file such complaint as demanded by the plaintiff, and to appear and prosecute the same in the name of the state of Nebraska in a court having jurisdiction thereof for the violation of said ordinance, or any ordinance of the said village of Bridgeport, and that the defendant was justified in refusing to prepare, sign, verify and file said complaint under the ordinance of the said village of Bridgeport, and therefore finds that the peremptory writ of mandamus should be refused, and that the petition of the relator should be dismissed at his cost."

This finding of fact correctly disposes of the relator's contentions. The ordinance in question is no part of the general laws of this state, but is a municipal regulation adopted by the village of Bridgeport to conserve the peace and good order within the village limits. It provides no punishment for its violation other than a fine, and cannot

be said to be one of the public criminal laws of the state. Neither the state nor the county is liable for the costs incurred in the prosecution for its violation. *Sutton v. McConnell,* 46 Wis. 269; *Chafin v. Waukesha County,* 62 Wis. 463; *State v. Grove,* 77 Wis. 448; *State v. Lee,* 29 Minn. 445; *State v. Robitshek,* 60 Minn. 123, 33 L. R. A. 33. It appears by the notes to *State v. Robitshek,* 33 L. R. A. 33, that the great weight of authority sustains this view.

The relator contends that because Cernak was claimed to have been intoxicated within the limits of the village, under the provisions of section 3872, Rev. St. 1913, he was guilty of a misdemeanor, and the respondent was required to appear and prosecute the case. The answer to this contention is that it was sought to compel the respondent to appear and prosecute for a violation of the village ordinance, and not for a violation of section 3872, *supra.*

It is further contended that under the law announced in *City of Brownville v. Cook,* 4 Neb. 101, it was the duty of the respondent to prosecute Cernak. As we view that decision, but two questions were there considered: (1) Had the village of Brownville the power to pass the ordinance under which the prosecution was commenced? (2) Should the prosecution have been conducted in the name of the municipality or in the name of the people of the state of Nebraska? The question here presented was not considered in that case.

Section 5597, Rev. St. 1913, provides: "Each county attorney shall appear on behalf of the state before any magistrate, and prosecute all complaints made in behalf of the state of which any magistrate shall have jurisdiction, and he shall appear before any magistrate and conduct any criminal examination which may be had before such magistrate and shall also prosecute all civil suits before such magistrate in which the state or county is a party or interested." The duty to prosecute, as prescribed by the section above quoted, relates to cases where

the charge is a violation of the public laws of this state, and in our opinion does not require the county attorney to appear and prosecute in proceedings for a violation of village ordinances.

The judgment of the district court was right, and is

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.