## CITY OF ST. LOUIS, Plaintiff in Error, v. DeLASSUS.

### Division Two, July 1, 1907.

1. **APPELLATE JURISDICTION: Violation of Ordinances.** A suit brought by the city of St. Louis against a butcher to recover a fine for selling meat contrary to a city ordinance, is a civil suit, and the appeal is to the Supreme Court, because the city is a political subdivision of the State.

2. ——: ——: **Constitutional Question.** Where said ordinance was adjudged unconstitutional in the trial court and the city appeals, the appeal is to the Supreme Court on the further ground that a constitutional question is involved.

3. **ORDINANCE: Selling on Sunday: Statutory Offense.** A city ordinance forbidding the sale of meat on Sunday after nine o'clock in the morning, is not invalid because it imposes a fine for an act which the statutes of the State denounce as a criminal offense and provide a punishment for.

4. ——: ——: **Inconsistent with Statute.** One statute provided that "every person who shall expose to sale any goods, wares or merchandise" on Sunday shall upon conviction be fined not exceeding fifty dollars, and the next section provided that "the last section shall not be construed to prevent the sale of any . . . . provisions or other articles of immediate necessity." The ordinance provided that "any keeper of a meat shop . . . . who shall open said shop or sell therein any article on Sunday after nine o'clock a. m. shall be . . . . fined not less than twenty-five dollars nor more than one hun-

dred dollars for each offense." *Held*, that the apparent inconsistencies in the statutes are not fatal to the ordinance, which the city under its charter was authorized to establish, nor is the ordinance inconsistent with the statutes, nor is it void because not as broad as the statutes.

·5. ———: ———: **Higher Fine.** Nor does the fact that the stat-utes fix a punishment for sales on Sunday prevent the city from making a higher fine. The scope and purpose of the statute and ordinance are the same, the statutes reaching the proposed evil by making it a criminal offense, and the ordi-nance providing for a civil prosecution.

6. ———: **Statute: Meaning of "Consistent With."** "Consistent with" does not import exact conformity, but substantial har-mony with the principles of the Constitution.

7. **SUNDAY OBSERVANCE: Constitutionality.** Sunday laws are constitutional on the ground that wisdom dictates that men should refrain from labor at least one day in seven in order to promote the physical and moral well-being of society at large. They are sustained as municipal or police regulations without reference to the fact that the day of rest is also the Christian's day of rest and worship.

8. ———: ———: **Meat: Arbitrary Discrimination.** Without the ordinance making it illegal to sell meat after nine o'clock Sunday morning, the burden would be on defendant, when prosecuted for a violation of the statutes, of showing that meat is an article of "immediate necessity;" but with that ordinance he is relieved of showing, when prosecuted for sel-ling meat prior to nine o'clock a. m., that meat is an article of immediate necessity. Hence, the ordinance is in the nature of a special dispensation, and is not an arbitrary discrimina-tion against meat shops.

9. ———: ———: ———: ———: **Special Law.** For good rea-sons, distinctions not purely arbitrary, exceptions may be made to a general statute or ordinance, without infringing the constitutional inhibition against special or class legisla-tion. And in the light of that rule, when both the favor ex-tended to the owner of a meat shop and the accommodation and benefit extended to the public generally in allowing them to buy fresh meats on Sunday and thereby conserving the pub-lic health, are considered, it is *held* that an ordinance which permits the sale of meats before nine o'clock on Sunday morn-ing, while an exception to the general statute forbidding the sale of goods, wares and merchandise and permitting the sale of medicines, provisions and articles of immediate necessity at any time on Sunday, is not an arbitrary discrimination against the owner of a meat shop, and not unconstitutional as a special or local law, but a wise and salutary enactment.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Hiram N. Moore,* Judge.

REVERSED AND REMANDED.

*Charles W. Bates* and *Benjamin H. Charles* for
plaintiff in error.

(1) The charter confers upon the Municipal
Assembly authority to pass the ordinance which
the lower court declared to be void, viz., section
1398 of the Revised Ordinances of 1901. Charter, art.
3, sec. 26, pars. 5, 10, 14; St. Louis v. Cafferata, 24 Mo.
94. (2) A statute and a municipal ordinance may stand
side by side unless they are utterly inconsistent or in
conflict with each other. St. Louis v. Bentz, 11 Mo. 62;
St. Louis v. Cafferata, 24 Mo. 94. A defendant may even
be subjected to two penalties for the same offense. St.
Louis v. Cafferata, 24 Mo. 97; State v. Muir, 164 Mo.
610, affirming 86 Mo. App. 642; State v. Gustin, 152
Mo. 108; Canton v. McDaniel, 188 Mo. 228; Leb-
anon v. Gordon, 99 Mo. App. 277. (3) There
is no inconsistency between section 1398 of the
Revised Ordinances of 1901 (Municipal Code) and
the statutes referred to by defendant in the motion to
quash, viz., sections 2243 and 2244, Revised Statutes
1899. (a) The city might, if it had so chosen, have
passed an ordinance prohibiting the opening of a meat
shop or the selling of meat at any hour on Sunday.
Under the above authorities, and according to sound
reason, such an ordinance would have been valid. The
ordinance under consideration is none the less valid
because it is not so comprehensive as the statute, or be-
cause the offense denounced is the keeping open or
selling during a part only of the day. (b) Mere dif-
ference in the amounts of fines provided for in an ordi-
nance and in a statute does not constitute such a want
of harmony as will invalidate the ordinance. Kansas
City v. Hallett, 59 Mo. App. 164; Kansas City v. Zah-

ner, 73 Mo. App. 396; St. Louis v. Cafferata, 24 Mo. 94; Rodgers v. Jones, 1 Wend. 261; Ex parte Taylor, 87 Cal. 91; Pekin v. Smelzer, 21 Ill. 469. See, also, Ex parte Kiburg, 10 Mo. App. 442; Linneus v. Dusky, 19 Mo. App. 20; Kansas City v. Neal, 49 Mo. App. 72; St. Louis v. Schoenbusch, 95 Mo. 618, wherein there existed discrepancies between the ordinance and the general statutes relating to mode of punishment or extent of fines; as to which, however, no point was made, it apparently being assumed that such differences do not "impair the validity of such ordinances." Kansas City v. Hallett, 59 Mo. App. 159. (c) Merely because two laws are different does not make them inconsistent. St. Louis v. Cafferata, 24 Mo. 97. (d) The Legislature may by statute regulate a given subject for the whole State; and at the same time the city may make such local regulations on the same subject as it may think proper for the good order and peace of the city. St. Louis v. Cafferata, 24 Mo. 97. (e) "The right of a municipal corporation in this State to maintain in its own name a proceeding to recover a fine for non-observance of an ordinance has never been questioned, even though there be a general law of the State imposing a fine for a like offense." Ex parte Hollwedell, 74 Mo. 395, 402; St. Louis v. Cafferata, 24 Mo. 94; State ex rel. v. Walbridge, 119 Mo. 392. (f) The fact that an existing State law provides a remedy does not prevent a municipal corporation from enacting another remedy as to a municipal matter, if it has the power to so enact, given it by its charter either in express terms or by necessary implication from the power conferred. Hill v. St. Louis, 159 Mo. 167. (4) Section 53 of article 4 of the Constitution has no application. (a) It refers in terms to the General Assembly alone. (b) Municipal corporations are organized by the State for the express purpose of legislating for local needs. (c) If section 1398 of the St. Louis ordinances is unconstitu-

tional, for this reason, then the great majority of the ordinances of all the towns and cities of the whole State are invalid; and the Legislature must be looked to for the enactment of local police regulations, the very thing which is prohibited by the Constitution.

GANTT, J.—This is a civil action by the city of St. Louis against the defendant to recover a fine for the violation of an ordinance of said city numbered 19991, or section 1398 of the general ordinances of said city, approved April 3, 1900, which provides: "Any keeper of a meat shop who shall fail, first, to obtain any license therefor, or shall fail to keep his said license and all transfers thereof posted up in his shop, or shall open said shop or sell therein any article on a Sunday after nine o'clock a. m., shall be deemed guilty of a misdemeanor and upon conviction thereof be fined not less than twenty-five nor more than one hundred dollars for each and every offense."

The information charged that defendant on Sunday, March 13, 1904, kept open his meat shop at 2906 Easton avenue in said city and did after nine o'clock in the forenoon of said Sunday keep said shop open for the sale of fresh and salt meats, contrary to said ordinance. In the First District Police Court defendant was convicted and fined twenty-five dollars. From that judgment he appealed to the St. Louis Court of Criminal Correction. In the last-named court, he admitted the fact, but demurred to the evidence, on the ground that the ordinance was void because in conflict with sections 2243 and 2244, Revised Statutes 1899, and article 4, section 53, of the Constitution of Missouri, and the court sustained his demurrer and discharged him. The city appealed to this court.

I. This court has jurisdiction because this is a civil action and the city of St. Louis is a political subdivision of the State and for the further reason that

the ordinance of the city was adjudged unconstitutional and the city is the appellant.

II. The defendant is not represented in this court by counsel or brief, but the cause has been presented by counsel for the city. The St. Louis charter, article 3, section 26, paragraphs 5, 10 and 14, conferred the power to pass this ordinance and unless the ordinance is void because in conflict with the Constitution and laws of the State, the judgment of the Court of Criminal Correction is wrong. It cannot be held invalid because it imposes a fine for an act which the statutes of the State denounce as a criminal offense and provide a punishment therefor. [State v. Muir, 164 Mo. 610; State v. Gustin, 152 Mo. 108.] But notwithstanding the charter is sufficiently comprehensive to authorize the ordinance in question, we are required by the demurrer of the defendant to inquire whether, in the language of section 23 of article 9 of the Constitution, the charter provision, is "in harmony with and subject to the Constitution and laws of Missouri." We take it this was one of the principal contentions of the defendant in the Court of Criminal Correction.

Was and is the ordinance invalid because inconsistent with sections 2243 and 2244, Revised Statutes 1899? Section 2243 provides: "Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars." Section 2244: "The last section shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity." Two inconsistencies apparently suggest themselves. First, section 2243 of the statute makes it a criminal offense to sell "goods, wares or merchandise" at any hour or

at any moment on Sunday, whereas the ordinance only prohibits it after 9 o'clock in the forenoon. Is this difference fatal to the latter? This question was answered for us by this court in St. Louis v. Cafferata, 24 Mo. 94. The general law of this State was the same at that time as now, being section 36 of article 8 of chapter 50, Revised Statutes 1855. The charter powers on this subject were ample to authorize regulation by the city of trade, etc., not repugnant to the Constitution. The defendant was prosecuted under an ordinance which provided that "whoever shall, in the city, on Sunday . . . after the hour of nine o'clock in the forenoon of that day keep his store, shop or other place of business open, shall be deemed guilty of a misdemeanor." Judge LEONARD, on this point, said: "The general Legislature have regulated the subject for the whole State as they deemed proper, and the city government have made such local regulations as they thought fit for the good order and peace of the city. The provisions of the two laws are different, but there is no such inconsistency between them as to annul or in any way affect the provisions of the local law (St. Louis v. Bentz, 11 Mo. 61); and the defendant was subject to both laws and amenable to the penalties they prescribed." Merely because the city did not make its ordinance as broad as the statute did not render it so inconsistent as to make it void. It could have made its ordinance as broad as the statute and in no wise have conflicted with the Constitution or general laws of the State. [St. Louis v. Schoenbusch, 95 Mo. 618; City of DeSoto v. Brown, 44 Mo. App. 152; Kansas City v. Hallett, 59 Mo. App. 160.]

Does the fact that the Legislature fixed the punishment for the sales on Sunday prevent the city making a higher fine? We think not, and so it was ruled in Kansas City v. Hallett, supra. The scope and purpose of the statute and ordinance are the same, the

one reaching the supposed evil by making it a criminal offense; the other, providing by ordinance for the civil prosecution. In State ex rel. v. Field, 99 Mo. 352, Judge BLACK, speaking for this court, of cities organized under section 16 of article 9 of the Constitution and the provision that they shall be ''consistent with and subject to the Constitution and laws of the State,'' said: ''Charters thus adopted will, of necessity, be more or less at variance, and that they will be unlike, in many respects, is within the contemplation of the Constitution.'' This statement has since been expressly adopted and reiterated in Kansas City v. Marsh Oil Co., 140 Mo. 458, and Kansas City v. Bacon, 147 Mo. 259. In the latter case, it was added: '' 'Consistent with' does not import exact conformity, but means substantial harmony with the principles of the Constitution.''

III. Is the ordinance void as a local or special law under the provision of section 53 of article 4 of the Constitution? By its terms, this section of the organic law prohibits the General Assembly from passing any special law upon certain subjects specified in the said section and then adds: ''In all other cases where a general law can be made applicable, no local or special law shall be enacted.''

The constitutionality of our Sunday law was affirmed in 1854 (State v. Ambs, 20 Mo. 214), and such laws have been held constitutional in almost every State in the Union, on the ground that wisdom dictates that men should refrain from labor at least one day in seven in order to promote the physical and moral well-being of society at large. These acts are sustained as municipal or police regulations without reference to the fact that the day of rest is also the Christian's day of rest and worship. [Bloom v. Richards, 2 Ohio St. 387; State v. Nichols, 28 Wash. 628, and cases cited;

People v. Havnor, 149 N. Y. 195; 27 Am. and Eng. Ency. Law, 390, and cases in notes.]

We do not understand that the unconstitutionality of our Sunday laws, sections 2243 and 2244, Revised Statutes 1899, is asserted, but rather that the ordinance in question is void because of the arbitrary discrimination against the meat shops, in that they are not permitted to sell their meat after nine o'clock Sunday morning. It will certainly not be contended that in the absence of this ordinance the defendant was at liberty to sell his meat at any time on Sunday. The general laws of this State are in force and as obligatory upon the citizens of St. Louis as they are in any other city or town or the country districts of the State. What then is the true construction of this ordinance? We think that it is obvious. The general law embodied in sections 2243 and 2244 made an exception of the sale of medicines, provisions and other articles of immediate necessity, leaving it open in the case of a prosecution for the State to show that any given act was not within the exception. The Municipal Assembly of St. Louis within its charter powers may pass ordinances for the well-being of its inhabitants and its police act to insure pure milk has very recently been affirmed by this court. [St. Louis v. Liessing, 190 Mo. 464, and kindred cases.]

Equally well established by the great weight of authority in this country is the doctrine that for good reasons, distinctions not purely arbitrary, exceptions may be made to a general act of the Legislature or a municipal ordinance without infringing the constitutional inhibition against special or class legislation.

No reasonable man will insist that the exceptions in section 2244 in favor of the sale of articles of immediate necessity on Sunday rendered section 2243 void as unequal and arbitrary; on the contrary, it might well be contended that in the absence of such qualification

the law was arbitrary and unjust in itself. When the Municipal Assembly came to the consideration of this statute as applied to the conditions of a great and populous city, doubtless it was confronted with the question, what were and are acts of necessity and charity, and it must have occurred to that body that thousands of persons were and are dependent for their supply of meats, particularly fresh meats, upon the retail meat shops and that thousands of them in all probability were not provided with refrigerators or cold storage in which to keep fresh meat, purchased on Saturday, fit for food on Sunday, especially during the hot weather; accordingly it was deemed proper and wise to declare and enact by general provision that the sale of meat up to nine o'clock in the forenoon on Sunday should be considered an act of immediate necessity and thus relieve the vendors or proprietors of these meat shops of the burden of showing in each individual instance that the furnishing of meat to a family on Sunday morning up to nine o'clock was an act of immediate necessity. Not only is this provision of the ordinance in question, not adverse class or special legislation against the owners of these shops, but it is more properly a special dispensation in their favor, hurtful to no one, but a wise discrimination in favor of thousands of families who are dependent for their supply of meat upon these meat shops, and in no sense arbitrary. Such exceptions are to be found in general statutes throughout the different States and have been sustained. In our opinion the ordinance is not unconstitutional but is a wise and salutary enactment. Ample time is given every householder to supply himself and a sale after nine o'clock brings the owner of the shop within the penal provisions of the general law of the State. and the ordinance alike, to both of which, as was said in St. Louis v. Cafferata, 24 Mo. 94, he is amenable.

It remains only to note that in State v. Granneman, 132 Mo. 326, this court held that the act of the General Assembly making it an offense for a barber to follow his business on Sunday was unconstitutional because it was special legislation, but a careful reading of that case will show that it was recognized by this court that the general statutes of this State already prohibited labor on Sunday. [Section 3852, R. S. 1889, now sec. 2240, R. S. 1899.] But the information was obviously based upon the act approved March 18, 1895, and not on the general statute. It was held that the act was special, that is to say, a general law could have been and indeed already had been enacted which covered the offense. Since our decision in that case, the question has arisen in other jurisdictions, and acts in substance like our Act of 1895 as to barbers have been held constitutional both in the State courts and by the Supreme Court of the United States on the ground that it was competent for the Legislature to take cognizance that barbers ordinarily work a greater number of hours each day than other laborers and are compelled to stand on their feet all the time in performing their duties. [State v. Nichols, 28 Wash. 628; State v. Petit, 74 Minn. 376; Petit v. Minnesota, 177 U. S. 164; Ex parte Northrup, 41 Ore. 489.] On the other hand, the Supreme Court of Illinois, in Eden v. People, 161 Ill. 296, and the Supreme Court of California, in Ex parte Jentzsch, 112 Cal. 468, have adjudged acts like our Barber Act unconstitutional on the ground that it is special legislation. But whatever may be said pro or con of the barber acts, it is clear to us that this ordinance is valid and does not collide with State v. Granneman, but is a legislative declaration, founded upon the best reasons that a sale of meat up to nine o'clock on Sunday morning is an act of necessity within the spirit and meaning of section 2244, Revised Statutes 1899, and is not in conflict therewith, or with section 53 of article 4 of our Constitution, and is not adverse class

legislation against the owners of meat shops in St. Louis.

The judgment of the St. Louis Court of Criminal Correction is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

*Fox, P. J.,* and *Burgess, J.,* concur.