CITY OF ST. LOUIS v. ST. LOUIS WORLD PUB-LISHING COMPANY, Appellant.

**Division One, March 31, 1910.**

1. **MUNICIPAL ORDINANCES: Nuisances.** An ordinance on the subject of general immorality or obscenity of conduct, which embraces the same matters covered by a State statute on the subject, cannot include offenses not embraced in the statutes, or outrun the statute, unless there is something in the city's charter that authorizes such an ordinance.

2. ———: **Obscene Advertisement.** An ordinance of St. Louis, making it a misdemeanor to publish the advertisements of a certain class of physicians "purporting to give information as to the treatment of venereal or private or womb diseases, or impotency, self-abuse, sterility or any disease pertaining to the genital organs," is invalid, since the statute requires the city ordinances to be "in conformity with the State law upon the subject" and to be restricted thereby, and the statute prohibits only an "obscene, lewd or lascivious book, pamphlet, picture or print or other publication of an indecent or scandalous character," and the advertisement prohibited by the ordinance does not come within the meaning of these terms, and there is no charter provision authorizing such an ordinance, the provision authorizing the city to "regulate doctors" not being sufficient for that purpose.

Appeal from St. Louis Court of Criminal Correction.
—*Hon. Hiram N. Moore*, Judge.

REVERSED.

*Lehmann & Lehmann* and *E. M. Grossman* for appellant.

*L. E. Walther* and *B. H. Charles* for respondent.

LAMM, P. J.—Defendant was informed against in the police court in the city of St. Louis for that it violated section 1447 of ordinance 19,991, reading: "Any person who shall, in the city of St. Louis, advertise or cause to be advertised in any newspaper printed or circulated in said city, or who shall print or publish any advertisement or notice in any newspaper printed or circulated as aforesaid, purporting to give information as to the treatment of venereal or private womb diseases, or impotency, self-abuse, sterility or any disease pertaining to the genital organs, or purporting to give information from whom or where medical treatment or medicine may be procured in the above mentioned cases, or any of them, shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than fifty nor more than five hundred dollars for each and every offense."

Found guilty and fined fifty dollars, defendant appealed to the Court of Criminal Correction. Meeting a like fate in that court, it comes here.

The trial was on an agreed statement of facts to the effect following:

Defendant is a domestic corporation domiciled in St. Louis, is publishing a daily newspaper, the "St. Louis World," circulated in that city, in this State, and in other States; that on February 15, 1906 (and on days and issues prior thereto) it published in its said newspaper the advertisement of Drs. S. and D. Davieson set forth in the information.

That advertisement reads:

"First American Nervo-Vital Specialists. Thirty Years in St. Louis—Professionally Reputable. Drs. S. and D. Davieson, T 11 South Broadway, St. Louis, Mo. We Cure Stricture, Varicocele, Loss of Manly Vigor, Nervous Debility, Private Diseases and Contagious Blood Poison. Museum of Anatomy. Located in the three-story Davieson Building, is one of the most unique and interesting exhibits in St. Louis. This exhibit consists of a collection of anatomical and physiological models, supplemented by collections illustrating art, science, nature and mineralogy. This collection was designed to afford the public the opportunity of learning 'how to live, move and have our being.' You can here find, correctly illustrated, typical cases of every disease man is afflicted with. The admission is twenty-five cents. Home treatment. A large percentage of afflicted men may be cured in their own homes by taking advantage of our mail treatment. We furnish Charts and Blanks, which, when properly filled out, will enable us to make a correct Diagnosis and formulate the proper Curative Remedies. If it is impossible for you to call, write for blanks. Free consultation at the office from 10 a. m. to 4:30 p. m. and 6:30 to 8 p. m. daily; Sundays, 10 a. m. to 1 p. m. only. We want every man suffering from any form of private disease to have our 72-page book mailed to them free on application. Drs. S. & D. Davieson, 11 South Broadway, St. Louis, Mo."

In one way or another, first by demurrer, then by declarations of law refused and finally by motions for a new trial and in arrest, defendant asked the court to rule, in effect, that said ordinance violated section 6258, Revised Statutes 1899, reading: "Any municipal corporation in this State, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the State, unless otherwise pre-

scribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the State law upon the same subject." Violated enumerated sections of the State Constitution. Also, that the ordinance was beyond plaintiff's charter powers, was inconsistent with the general laws of the State on the same subject, that the complaint does not state facts sufficient to constitute a cause of action and does not allege any violation of the laws of the State or ordinances of the city.

The statute declarative of State policy (said to be out of harmony with the ordinance) is section 2177, Revised Statutes 1899, reading: "Every person who shall manufacture, print, publish, buy or have in his possession with intent to sell or circulate, or shall sell, give away, distribute or circulate any obscene, lewd or licentious book, pamphlet, picture, or print or other publication of an indecent or scandalous character, or who shall keep for sale or sell any article or thing designed or intended to prevent conception, or to procure an abortion, or intended or adapted for any indecent or immoral use, or who shall publish, sell or circulate any written or printed card, circular, book, pamphlet, or notice of any kind, stating when, where, how or of whom or by what means any of the articles or things mentioned in this section can be had or obtained, or who shall print or publish in any newspaper any vulgar, scandalous, obscene or immoral pleadings or evidence in any case or proceeding before any court or tribunal whatever, every person so offending shall be deemed guilty of a misdemeanor."

Such are the facts, statutes and ordinances in judgment.

As amplified in briefs, defendant's counsel rely in effect on the following propositions:

First, a municipal corporation in Missouri possesses and can exercise only those powers expressly

granted, or necessarily or fairly implied by those expressly granted and essential to the underlying object and purpose of the corporation—not simply convenient, but indispensable.

Second, acts tending to disturb the public peace or injurious to the public health constitute nuisances within the purview of municipal ordinances, but, under the power to declare a nuisance, a town can prohibit only such acts as are made nuisances by statute or common law. It cannot declare that to be a nuisance which is not such by common law or statute.

Third, any exercise of the police power to be deduced from the general welfare clause of the city charter must be essential to the declared objects and purposes of the municipal corporation.

Fourth, whether an ordinance, deduced from the police power, is valid, depends upon its necessity in aid of a distinctive corporate purpose in promoting the peace, health and welfare of the people of the city, arising from their close interdependence due to urban life —that is, the mischief struck at must be some evil effect peculiar to social conditions due to congestion of population in a city.

Fifth, under its police power, absent express legislative authority, as here, a city in Missouri has no power to pass ordinances going beyond common or statutory law.

Sixth, absent express declaration by the Legislature on the subject (as here) it is for a *jury* and not for the *municipal assembly* to say what constitutes obscenity.

Seventh, "No implied power to pass by-laws, and no express grant of the power, can authorize a by-law which conflicts with the statutes of the State or with the general principles of the common law adopted or in force in the State."

St. Louis v. World Publishing Co.

*Contra,* counsel for St. Louis argue in substance:

First, that section 26 of article 3 of the city charter expressly grants power to pass the ordinance, *viz.,* "to license, tax and *regulate* doctors."

Second, absent an express grant, the city has power to pass the ordinance under the general welfare clause of the charter, reading: "To pass all ordinances not inconsistent with the provisions of this charter or the laws of the State as may be expedient in maintaining the peace, good government, commerce and manufactures, and to enforce the same by fines and penalties. . . ."

Third, the city has charter power to suppress nuisances and, herein, that an indecent publication is a nuisance at common law.

Fourth, the advertisement was obscene.

Fifth, it is no objection to an ordinance that it covers the same ground as the statute, and, herein, that a defendant may be subject to two penalties for the same offense, one by the State and one by the city. And, herein, further, that the ordinance may be valid and yet differ from the State law. That the mere fact of difference does not make them inconsistent. There is no inconsistency between the ordinances and the laws of the State.

This case was argued and submitted in this division at its January call, 1910. On the 15th of October, 1909, a case entitled City of St. Louis v. Nathaniel K. King was submitted on briefs in Division Two and is reported in 226 Mo. 334. King was a practicing physician and was prosecuted for publishing in a St. Louis newspaper a notice and advertisement of like character but more offensive to good taste and indelicate than the one denounced by the information in the case at bar. King was fined for violating the same ordinance alleged to be violated in the case at bar. He admitted causing the advertisement to be printed and published, just as the defendant here admits it made the publica-

tion in the columns of its newspaper. Division Two had the benefit of the same briefs from the same learned counsel representing plaintiff and defendant in the case at bar. Those briefs advanced the same propositions assailing and defending the validity of the ordinance as in the case at bar. Our learned brethren in Division Two, speaking by GANTT, P. J., allowed appellant's contentions sound and apposite. So holding, that Division ruled the ordinance invalid. As we agree with that opinion, no sensible judicial purpose would be furthered by a re-discussion of questions so lately and fully resolved.

On the authority of that case the judgment is reversed. Defendant discharged. All concur.