### CITY OF ST. LOUIS v. JOHN H. SCHULTE, Appellant.

In Banc, July 1, 1911.

**MILK: Standard Fixed By Ordinance: Lower Than Statutory Standard.** An ordinance which fixes a lower standard of the amount of fatty solids milk sold to the public may contain than is fixed by statute is not in conflict with that statute.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Benjamin J. Klene*, Judge.

AFFIRMED.

*Wm. L. Bohnenkamp* and *E. F. Stone* for appellant.

What the statute denounces and prohibits, the ordinance can not permit and authorize, and what the statute sanctions, permits and authorizes, the ordinance can not prohibit. There is such a conflict here between this ordinance and the statute, that one or the other must give way. An ordinance can not legalize an act that is committed in violation of a general law of the State. Any ordinance which from its face shows that it would or could so operate, is null and void under the constitution and laws of this State, and of other States. Ex parte Hoffman, 99 Pac. 519; Howlet v. Camp, 115 Ala. 499; Bohney v. State, 21 Tex. App. 597; State v. Keith, 94 N. C. 933; In re Murphy, 128 Cal. 29; State ex rel. v. Railroad, 117 Mo. 1; St. Louis v. Meyer, 185 Mo. 598; State ex rel. v. Bell, 119 Mo. 75; State v. Dower, 134 Mo. App. 357; State v. Kessels, 120 Mo. App. 239; People v. Henshaw, 76 Cal. 441; Bowyer v. Camden, 50 N. J. L. 87; Murdock v. Memphis, 87 U. S. 616; U. S. v. Claflin, 97 U. S. 546; Mulcahy v. Newark, 57 N. J. L. 513; People v. Furman, 85 Mich. 110.

*Lambert E. Walther* and *A. H. Roudebush* for respondent.

(1) The Act of 1909 in so far as it defines milk standards is not an effective law, because it does not require conformity to these standards or provide a penalty for non-conformity thereto. Laws 1907, p. 116, sec. 9; 1 Blackst. Com., pp. 43, 44, 57; State ex inf. v. Railway, 146 Mo. 168; Bishop on Stat. Crimes (3 Ed.), sec. 22; 1 Bishop, Crim. Law (8 Ed.), sec. 6. (2) The standards prescribed by ordinance are less restrictive than those of the Act of 1909, and there is, therefore, no conflict. St. Louis v. Klausmeier, 213 Mo. 127. (3) The Klausmeier case should not be overruled because it is sustained by abundant authority. St. Louis v. Cafferata, 24 Mo. 94; Independence

v. Moore, 32 Mo. 392; State v. Harper, 58 Mo. 530; State v. Wister, 62 Mo. 592; St. Louis v. Schoenbusch, 95 Mo. 518; State ex rel. v. Walbridge, 119 Mo. 383; State v. Gustin, 152 Mo. 108; Hill v. St. Louis, 159 Mo. 167; State v. Muir, 164 Mo. 610; Canton v. McDanie, 188 Mo. 207; St. Louis v. DeLassus, 205 Mo. 578; St. Louis v. Liessing, 190 Mo. 64; St. Louis v. Dairy, 190 Mo. 492; St. Louis v. Dairy, 190 Mo. 567; St. Louis v. Reuter, 190 Mo. 594; St. Louis v. Polinsky, 190 Mo. 516; St. Louis v. Schuler, 190 Mo. 524; St. Louis v. Bippin, 201 Mo. 528.

LAMM, J.—Convicted and fined $25 for violating section 501 of (Woerner's) Revised Code of St. Louis, 1907, relating to milk, defendant on due steps comes up by appeal.

In 1905 there was a series of milk cases pending in Banc and, speaking through our brother GANTT, they were unanimously ruled. [190 Mo. pp. 464 to 539, inclusive.]

There having been some changes in milk statutes, in 1908 another series of milk cases were submitted here and ruled by Banc, speaking through our brother WOODSON, [St. Louis v. Klausmeier, 213 Mo. 119, and cases following to 151, inclusive.]

There having been new legislation by statute and ordinance, another series of milk cases come here to test one or another phase of the police regulations in St. Louis pertaining to milk.

The instant case is a companion with seven others—those of Scheer's, Kellman's, Ameln's, Kruempeler's and Meyer's have been written and will be handed down at this delivery. In not all, but in some there are common questions. It is useless to cumber our reports with a reconsideration of questions freshly ruled in a companion case. Accordingly, we have passed such by referring to the case where the question is ruled. That plan will be followed now.

The charge is and the proof shows that on July 18, 1909, at a named place in St. Louis, defendant, John Henry Schulte,. in violation of said section 501, carried and exposed for sale milk, on analysis showing less than three per cent by weight of butter fat, viz., 2.48 per cent —said butter fat estimated gravimetrically by the Adams paper-coil process. The city proved its case by its milk inspector and city chemist, read said section of its code into the record and rested.

Defendant stood mute on the facts, but his counsel raised for him certain questions of law by certain motions which were overruled. Such exceptions were saved below as present one of those questions here, viz.:

Section 501, supra, is in conflict with the State statute—an act passed by the General Assembly in 1909, relating to agriculture and creating a bureau of dairying. [Laws 1909, p. 113, et seq.] The ordinance is said to conflict with section 9 of that act. Section 9 of that act is now section 639, Revised Statutes 1909.

The instant case, *mutatis mutandis*, is the same as the Scheer case (just handed down and reported at page 721, *ante.* *Quod vide*). We will not reproduce section 501 of the municipal code, nor section 639, Revised Statutes 1909. Compare the Scheer case, where their material parts appear.

In that case, Scheer was convicted of selling milk impoverished below the ordinance standard for non-fatty solids. The ordinance called for 8.5 per cent of solids not fat. Scheer's milk had only 7.91 per cent.

In this case the same ordinance calls for three per cent of butter fat by weight. Schulte's milk had only 2.48 per cent by weight of butter fat.

In Scheer's case the statutory standard was 8.75 per cent of non-fatty solids. Based on such premise, it was contended there were conflicts and inconsistencies between the statute and ordinance in that the

235 Sup.—47

ordinance standard for non-fatty solids was lower than the statutory standard.

In the instant case the ordinance standard for fatty solids is 3 per cent by weight, while the statutory standard is 3.25 per cent. Based on such premise it is here contended there are conflicts and inconsistencies between the same statute and the same ordinance in that the ordinance standard is lower than the statutory standard.

We ruled that contention against Scheer; *ergo*, we must rule it against Schulte; for we may reason from similars to similars. It is axiomatic that on the same facts, the law is the same and the judgment is the same. Here we are dealing with fatty solids. There we dealt with non-fatty solids. If the city may prescribe a lower standard for the one, by the same token, it may prescribe a lower standard for the other.

On the reasoning and authority of the City of St. Louis v. Scheer, supra, the judgment is affirmed.

All concur, except *Valliant, C. J.*, who dissents.