CITY OF ST. LOUIS, Plaintiff in Error, v. MRS. K. A. SOUTHCOMBE.—8 S. W. (2d) 1001.

Division Two, July 25, 1928.

*Julius T. Muench* and *Oliver Senti* for plaintiff in error.

*Rozier G. Meigs* for defendant in error.

HIGBEE, C.—Error to the St. Louis Court of Criminal Correction.

An information was filed by the city of St. Louis in the office of the clerk of City Court No. 2 of the city of St. Louis, on February 18, 1925, charging Mrs. Southcombe, the defendant in error, with a violation of Section One of Ordinance 32093, approved December 4, 1922, in this, to-wit, that she had, on the 25th day of January, 1925, and on divers other days and times prior thereto, engaged in the sale of furniture and did on the aforesaid 25th day of January, 1925, advertise certain furniture for sale and failed to state in the advertisement for such sale clearly and unequivocally, that the defendant aforesaid was a dealer in the goods advertised; that the advertisement aforesaid was inserted in the St. Louis Post-Dispatch, a newspaper. Section 1 of the ordinance, omitting caption, reads:

"It shall be unlawful for any person, firm, partnership, corporation, association, trust, or any employees thereof, engaged in the business of selling goods, wares, merchandise, securities, service or real estate to advertise the sale of the same unless it shall be stated in the advertisement of such sale, clearly and unequivocally, that said person advertising such sale of goods, wares, merchandise, securities, or real estate is a dealer in the same; provided, however, that the advertisement of the sale of any goods, wares, mrchandise, securities, service or real estate in such form as to make it plainly apparent therefrom that the person so advertising is actually engaged in the business of selling such goods, wares, merchandise, securities, service or real estate as a business, shall be deemed a sufficient compliance of this ordinance. Any person violating the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than twenty dollars nor more than five hundred dollars for each offense."

The cause was heard, the defendant was found guilty as charged and her punishment assessed at a fine of fifty dollars and costs. The cause was appealed to the St. Louis Court of Criminal Correction where the defendant filed a motion to quash, which, omitting caption and signature, reads:

"Now comes the defendant, in the above-entitled cause, and moves this Honorable Court that the information or summons in said cause be quashed and held for naught for the reason that the ordinance upon which said information or summons is grounded is illegal, invalid, void and unconstitutional for the following reasons, to-wit: First: That it is unreasonable. Second: That it is discriminatory. Third: That it is class legislation. Fourth: That it is an attempt to legislate in matters pertaining to interstate commerce over which the city of St. Louis has no jurisdiction. Fifth: Because the city of

St. Louis has no authority under its charter to lawfully enact legislation of this character. Wherefore, this defendant respectfully prays that this information be quashed and held for naught.''

This motion was sustained. The defendant was discharged and the plaintiff brings error. The Supreme Court has jurisdiction, without regard to the sum involved in the controversy, because the plaintiff, the city of St. Louis, is a political subdivision of the State. [Steffen v. St. Louis, 135 Mo. 44, 48 (1), 36 S. W. 31; St. Louis v. DeLassus, 205 Mo. 578 (1), 104 S. W. 12.]

The only issue involved is the validity of the ordinance. The defendant's contentions are set forth in the motion to quash. Plaintiff (in error) contends that authority to enact this ordinance is found in its charter; that the enactment of the ordinance is a legitimate exercise of its police power, and that since there is nothing in the record to indicate that defendant is engaged in interstate commerce she cannot attack the ordinance as an unauthorized attempt to regulate interstate commerce.

I. Plaintiff contends that the court erred in sustaining the motion to quash and in discharging the defendant. On the other hand, the defendant's sole contention in her brief is that the ordinance ''is not a regulation of a business, but an attempt to legislate upon something separate and apart from a business. We mean by this, freedom of speech.''

Section 1 of Article I of the Charter of the City of St. Louis provides that the city shall have power:

(23) To license and regulate all persons, firms, corporations, companies, and associations engaged in any business, occupation, calling, profession, or trade.

(25) To define and prohibit, abate, suppress, and prevent or license and regulate all acts, practices, conduct, business, occupations, callings, trades, uses of property, and all other things whatsoever detrimental or liable to be detrimental to the health, morals, comfort, safety, convenience or welfare of the inhabitants of the city and all nuisances and causes thereof.

(26) To prescribe limits within which business, occupations and practices liable to be nuisances or detrimental to the health, morals, security, or general welfare of the people may lawfully be established, conducted, or maintained.

(33) To do all things whatsoever expedient for promoting or maintaining the comfort, education, morals, peace, government, health, welfare, trade, commerce, or manufactures of the city or its inhabitants.

(35) To exercise all powers granted or not prohibited to it by law or which it would be competent for this charter to enumerate.

Section 1 of Article IV provides in part as follows:

"Section One. The legislative power of the City shall . . . be vested in the Board of Aldermen. . . ."

By clause 23 of its charter, the city of St. Louis is authorized to license and regulate all persons, etc., engaged in any business, occupation, calling, profession or trade, and by clause 33 to do all things whatsoever expedient for promoting and maintaining the comfort, education, morals, peace, government, health, welfare, trade, commerce or manufactures of the city or its inhabitants, and (35) to exercise all powers granted or not prohibited to it by law or which it would be competent for the charter to enumerate. [See Mike Berniger Moving Co. v. O'Brien, 240 S. W. 481, 484 (2).]

In the printed argument of learned counsel for defendant it is suggested that this ordinance was adopted so that the city officials could tell by the advertisement who was subject to a tax (merchant's license) "under the laws of the city for engaging in the business mentioned therein, and by reading the advertisement the city could send the person so advertising a tax bill instead of having to go to the trouble of having a city inspector look up the business of the advertiser."

It is doubtless true that in large cities there are persons "engaged in the business of selling goods," etc., who dodge or evade the payment of the merchant's license tax. From time to time they find it necessary to advertise the sale of their goods. The ordinance applies to all persons alike engaged in the selling of goods, etc., and cannot be said to be unreasonable, discriminatory or class legislation.

We have no doubt that learned counsel for defendant have shrewdly suggested the purpose of this ordinance; that is, that persons engaged in the business of selling goods, etc., to whom the ordinance is applicable, when advertising goods for sale, shall clearly and unequivocally state in the advertisement that they are dealers in the same. It is apparent that such statement would assist the city officials in discovering persons doing business as merchants without a merchant's license, and so promote the morals, peace, government, welfare, trade and commerce of the city, and that the enactment of the ordinance is within the powers granted to the board of aldermen.

II. Counsel contend that the ordinance is violative of Article II, Section 14, of the Constitution, which provides that no law shall, be passed impairing freedom of speech; that every person shall be free to say, write or publish whatever he will on any subject, being responsible for all abuses of that liberty. They call attention to Ex parte Harrison, 212 Mo. 88, 110 S. W. 710. In our opinion the case has no application.

The motion to quash filed in the trial court did not indicate what, if any, provision of the Constitution was violated and was insufficient to raise a constitutional question. We have uniformly held that such questions must be raised at the first opportunity and they will not be considered when not raised in the trial court. [State v. Goetz, 253 S. W. 710; State ex rel. v. Buder, 287 S. W. 307.]

The judgment is reversed and the cause remanded. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.