The CITY OF ST. LOUIS, a Municipal
Corporation, Plaintiff-Respondent,

v.

William GREEN, Defendant-Appellant.

No. 48508.

Supreme Court of Missouri,

Division No. 1.

Jan. 8, 1962.

Motion for Rehearing or for Transfer to
Court en Banc Denied Feb. 12, 1962.

Ordinance of city of St. Louis requiring that use zoning district be indicated on all "for sale" signs placed on realty by real estate agents did not violate broker's constitutional rights and was reasonable regulation of business of real estate brokers under city's police powers and city had power under its charter to enact such ordinance. Section 84.010 RSMo 1959, V. A.M.S.; V.A.M.S.Const. art. 1, §§ 8, 10; U.S.C.A.Const. Amends. 1, 14.

Jackson F. Adams, Clayton, Max Sigoloff, St. Louis, for appellant.

Thos. J. Neenan, City Counselor of the City of St. Louis, Aubrey B. Hamilton and Eugene P. Freeman, Assoc. City Counselors, St. Louis, for respondent.

WESTHUES, Presiding Judge.

Defendant Green was convicted in the Court of Criminal Correction of the City of St. Louis, Missouri, of a violation of Ordinance No. 49394 of said City. This ordinance required any real estate agent when placing a "For Sale" sign on any parcel of real estate to indicate clearly on such sign " 'The Use Zoning District,' under the Comprehensive Zoning Ordinance of this City in which such parcel of real estate is located * * *."

The trial court assessed a fine of $25.00 and costs against the defendant. An appeal was taken to this court.

The defendant filed a motion to dismiss the charge "on the ground that Ordinance No. 49394 of the City of St. Louis under which he is charged is in violation of the rights guaranteed to him under the First and Fourteenth Amendments of the Constitution of the United States and Sections 8 and 10 of Article 1 of the Constitution of the State of Missouri."

█ The trial court overruled the motion to dismiss and defendant has preserved the constitutional questions for our review. This court, therefore, has appellate jurisdiction of the case.

The facts are not in dispute. The parties filed a stipulation in the trial court which reads:

"1. That William Green defendant herein, was employed by the owner of a parcel of real estate known and numbered as 5819 Cates Avenue, City of St. Louis, State of Missouri, to sell said parcel to such buyer as could be found.

"2. That said defendant Green pursuant to said employment did on October 17, 1959 cause to be placed a sign publicly advertising said real estate as being for sale on the said parcel;

"3. That said sign so placed by said defendant, at such time and place as aforesaid, did not have any indication, legend or lettering thereon of 'The Use Zoning District,' under the Comprehensive Zoning Ordinance of the City, in which such parcel of real estate is so situated."

The principal points briefed on this appeal are that the ordinance in question is unconstitutional; that the City of St. Louis does not possess the inherent police power to enact such an ordinance; that the State of Missouri has not delegated such power to the City of St. Louis; that the ordinance is unreasonable; and that the ordinance is not a proper exercise of a police power.

We shall first dispose of the constitutional questions presented for our review. Defendant, in his Points and Authorities, stated that "I. Ordinance 49394 deprives appellant of the right of free speech in the ordinary pursuit of his lawful business, and the right of due process of law guaranteed to him under the First and Fourteenth Amendments to the Constitution of the United States and Sections 8 and 10 of Article I of the Constitution of the State of Missouri, and is, therefore, unconstitutional and void.

"City of St. Louis v. Evraiff [301 Mo. 231], 256 S.W. 489, 495; State v. Julow [129 Mo. 163], 31 S.W. 781 [29 L.R.A. 257]; City of St. Louis v. Dreisoerner [243 Mo. 217], 147 S.W. 998, l. c. 1000 [41 L.R.A.,N.S., 177]."

There is no merit in defendant's contention that the ordinance in question violates any of the constitutional provisions mentioned in Point I of his brief.

Defendant was engaged in the business of selling real estate as an agent. He was a real estate broker. Such occupation has long been the subject of regulation by state statutes and by city ordinances where authorized. The general rule may be found in 12 C.J.S. Brokers § 7, pp. 11, 12, where it is stated that "It is within the police power of the state to regulate the business or occupation of a broker, and statutes making such regulations have generally been held constitutional and valid. Under authority granted by the state a municipal corporation may regulate the occupation of brokers. The business of buying or selling real property by real estate brokers and real estate salesmen on commission for a percentage of the agreed price or a specified fee to be paid by the purchaser or seller is a proper one for police regulation, and it is within the power of the state, by a state-wide act, to make reasonable regulations with regard to such business." See also 12 C.J.S. Brokers § 8c, pp. 13, 14. In Ahern v. Florida Real Estate Commission, 149 Fla. 706, 6 So.2d 857, l. c. 858(3, 4) (5), in upholding a statutory regulation of real estate brokers, the court stated that the law was designed to protect the public and "the real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker." See also Alford v. Raschiatore, 163 Pa.Super. 635, 63 A.2d 366, l. c. 368, 369(3); Massie v. Dudley, 173 Va. 42, 3 S.E.2d 176, l. c. 181, 182(9, 10) (11); Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 148 A.2d 176; Firpo v. Murphy, 72 Cal.App. 249, 236 P. 968; Mapes v. Foster, 38 Wyo. 244, 266 P. 109. In a number of those cases, the courts held regulation of the business of real estate brokers was not violative of the Fourteenth Amendment of the U. S. Constitution.

The cases cited by defendant in support of his contention do not support his position.

█ Does the City of St. Louis have the authority to regulate real estate brokers? Our opinion is that the City does have that power by virtue of subsections (25) and

(33) of Sec. 1, Art. I, of the City Charter. Subsection (25) authorizes the City to " * * * license and regulate all acts, practices, conduct, business, occupations, callings, trades, uses of property and all other things whatsoever detrimental or liable to be detrimental to the health, morals, comfort, safety, convenience or welfare of the inhabitants of the city and all nuisances and causes thereof."

Subsection (33) reads: "To do all things whatsoever expedient for promoting or maintaining the comfort, education, morals, peace, government, health, welfare, trade, commerce or manufactures of the city or its inhabitants."

The subsections just quoted, in general terms, granted the City broad powers covering a multitude of subjects. Certainly included therein is power to license and regulate real estate brokers. Sec. 84.010 RSMo 1959, V.A.M.S., applicable to the City of St. Louis, likewise in general terms granted the City broad police powers so long as the regulations did not conflict with the Constitution and the statutes.

In the case of City of St. Louis v. Southcombe, 320 Mo. 865, 8 S.W.2d 1001, the validity of an ordinance prohibiting advertising the sale of goods without stating that the person advertising the sale was a dealer in goods was upheld. It was there contended that the ordinance impaired the freedom of speech and for that reason it was unconstitutional. It was further urged that the ordinance was unreasonable and was class regulation. This court ruled all those contentions to be without merit. See 8 S.W.2d 1. c. 1003(2) (3) (4).

In the case before us, the ordinance cannot be said to be class legislation. It applies to all persons dealing in the sale of real estate as brokers. The requirement by the ordinance that "The Use Zoning District" be indicated on all "For Sale" signs placed on property is certainly intended to promote the convenience and welfare of the inhabitants of the City.

We note that by the "Comprehensive Zoning Ordinance" the permissive uses to which land may be used in the City were divided into eleven categories. They are:

" 'A' Single-Family Dwelling District.

'B' Two-Family Dwelling District.

'C' Four-Family Dwelling District.

'D' Multiple-Family Dwelling District.

'E' Multiple-Family Dwelling District.

'F' Local Business District.

'G' Commercial District.

'H' Commercial District.

'I' Central Business District.

'J' Industrial District.

'K' Unrestricted District."

It certainly would be a great convenience for a person intending to purchase property if, when a location was viewed, the "For Sale" sign would indicate the permissive use for which the property was zoned. Further, such an indication on signs would likely lessen the disputes between sellers and purchasers as to representations made as to the zoning of the property. Such disputes do arise as may be noted in one of the cases cited by the defendant. Sachs Steel & Supply Company v. St. Louis Auto Parts & Salvage Company, Mo.App., 322 S.W.2d 183. In that case, no real estate agent was involved. However, the case illustrates that disputes do occur as to representations made about the use of property under the zoning ordinance. Defendant also cited City of St. Louis v. Dreisoerner, 243 Mo. 217, 147 S.W. 998. That case involved an ordinance prohibiting the erection of manufacturing plants within 600 feet of Tower Grove Park located within the city. This court held that the city had no power to declare, by ordinance, that to be a nuisance

which was not so in fact. The case is not in point on the question before us.

The ordinance now under consideration in no way suppresses in part or in toto the business of a real estate broker. Nor does the ordinance declare such a business to be a nuisance. It merely requires an agent or broker when placing a "For Sale" sign on property to include in whatever information may be on the sign the use to which the property may be subjected under the zoning ordinance.

In the case of City of St. Louis v. Southcombe, supra, 8 S.W.2d l. c. 1003(3), this court, in considering the legality of the ordinance requiring a merchant to state in advertisements that he is a dealer in goods, said: "It is apparent that such statement would assist the city officials in discovering persons doing business as merchants without a merchant's license, and so promote the morals, peace, government, welfare, trade, and commerce of the city, and that the enactment of the ordinance is within the powers granted to the board of aldermen." That statement of the law is applicable to the present case.

It may be noted that we have examined cases from other jurisdictions as well as cases by the courts of this state, 12 C.J.S. Brokers § 8, pp. 12 to 19, inclusive, the Charter of the City of St. Louis, the Zoning Ordinance, and the Ordinance under consideration.

We are of the opinion that Ordinance 49394 does in no way violate any of defendant's constitutional rights; that the Ordinance is a valid regulation of the business of real estate brokers; that it is reasonable and not oppressive; that it is a regulation under the police powers of the City; that the City of St. Louis under its Charter has the power to enact such an ordinance.

The judgment of the trial court is hereby affirmed.

All concur.