**CITY OF RICHMOND HEIGHTS,**
Plaintiff-Respondent,

v.

**Harry K. SHACKELFORD, Defendant-Appellant.**

**No. 33255.**

St. Louis Court of Appeals.
Missouri.

Sept. 16, 1969.

Gregory M. Rebman, St. Louis, for defendant-appellant.

Donald U. Beimdiek, Armstrong, Teasdale, Kramer and Vaughan, Fred Leicht, Jr., St. Louis, for plaintiff-respondent.

WEIER, Commissioner.

The validity of Ordinance No. 51.17 of the City of Richmond Heights is at issue in this appeal. Challenging its force is Harry K. Shackelford, who, on April 19, 1967, drove a truck owned by a motor common carrier on the 1100 block sector of McKnight Road in that city. Mr. Shackelford was arrested by a police officer and summoned to appear in City Court. After a finding of guilt, he was fined $10.00 and ordered to pay costs. Upon appeal to the Circuit Court, the judgment below was affirmed. He now seeks to set it aside, contending that the legislature has not delegated to the City of Richmond Heights authority to enact such an ordinance and the ordinance is in direct conflict with state law. We believe these propositions are without merit and affirm the judgment below.

Ordinance No. 51.17 regulates motor vehicle traffic in Richmond Heights. That portion which is material provides:

"51.17 COMMERCIAL VEHICLES, PROHIBITED STREETS.

(a) When signs are erected giving notice thereof, commercial vehicles, except

local trucks making deliveries to residents thereon of goods, wares, merchandise and household deliveries, including household moving trucks, shall not operate upon the following designated streets:

McKnight Road from Clayton Rd. to south city limits."

Defendant Shackelford had loaded some freight on his truck in Webster Groves, Missouri, and was enroute to deliver some freight on Clayton Road in Richmond Heights. Instead of operating his truck over city designated truck routes, he chose McKnight Road, which was the shortest and most direct way to the place of delivery. Signs on this road gave notice of the terms of the ordinance. Since Mr. Shackelford had no delivery to a resident along McKnight Road, he was clearly in violation of the terms of the ordinance.

■ Inasmuch as the City of Richmond Heights is a municipality organized under the statutes of this state, its power to enact ordinances is derived from the state and must be exercised under the authority granted to it by the state. As was so succinctly stated in the early case of Knapp v. Kansas City, 48 Mo.App. 485, 492: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and none others: First, those granted in express words. Second, those necessarily or fairly implied in or incident to the powers expressly granted. Third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. * * * And any fair reasonable doubt concerning the existence of the power is resolved by the courts against the corporation." This statement has been adopted by our Supreme Court in City of St. Louis v. King, 226 Mo. 334, 126 S.W. 495, 497, 27 L.R.A.,N.S., 608. It has been followed in its essential meaning in many other cases, including City of St. Louis v. St. Louis World Publishing Co., 227 Mo.

146, 126 S.W. 1019, 1021; Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70, 73; State ex rel. Sims v. Eckhardt, Mo., 322 S.W.2d 903, 906.

■ Equally well established with the rule quoted above and used frequently in testing the validity of municipal ordinances, is the one requiring an ordinance to be consistent and in harmony with state law on the same subject. Where the municipal corporation has authority to legislate, its exercise of this authority must not conflict with the laws of the state. This rule is established by statute (Sec. 71.010, RSMo 1959, V.A.M.S.) and is also a part of the common law adopted by our courts (State ex rel. Hewlett v. Womach, 355 Mo. 486, 196 S.W.2d 809, 812; John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345, 348; City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529, 536).

Armed with these well-considered principles, defendant Shackelford says that Ordinance 51.17 is not authorized by and is in conflict with state law. He points out that the state has granted to the City of Richmond Heights authority to pass ordinances regulating traffic in Sec. 304.120 RSMo 1959, V.A.M.S., which reads in part as follows:

"2. Municipalities, by ordinance, may:

(1) Make additional rules of the road or traffic regulations to meet their needs and traffic conditions;

\*    \*    \*    \*    \*    \*

(4) Limit the use of certain designated streets and boulevards to passenger vehicles;

\*    \*    \*    \*    \*    \*

"3. No ordinance shall be valid which contains provisions contrary to or in conflict with this chapter, except as herein provided."

Following the rule of strict construction, he further says that the specific authority granted the city under subsection 2(4) of the statute would allow the city to prohibit

the passage of all motor vehicles other than passenger vehicles on McKnight Road. But to provide an exception with respect to trucks making deliveries to residents on McKnight Road does not follow the exact letter of the statutory authorization and, in effect, or so defendant contends, is in conflict with the statute since it does not conform to its terms and requirements. In other words, he claims that the city's power to regulate is limited to the prohibition of all commercial vehicles and the statute does not allow the city to inject an exemption as to particular types of vehicles performing certain services. He urges that there must be absolute prohibition or none.

Much reliance is given by defendant to the case of City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529, decided by this court in 1960. In Stenson, the city had enacted an ordinance restricting the use of a city street by commercial vehicles with an over-all length of 33 feet except those making deliveries. The state law authorized the operation of a vehicle on the highways of the state with a total length of 45 feet. We decided that the ordinance was in conflict with the state law and was void. This was for the reason that the ordinance made a requirement that was contrary to the state law with respect to a matter on which the state law was intended to be controlling. If the state says you can drive a vehicle on its highways up to 45 feet in length, the city cannot revoke that privilege. Where the state has prescribed the standard, unless the city is specifically authorized, it cannot legislate contrary to the standard required by the statute.

In support of this decision we quoted at length from the case of City of St. Louis v. Klausmeier, 213 Mo. 119, 112 S.W. 516, 519. In this case the state had fixed the total solid content of milk at not less than 9.25%, whereas the ordinance fixed the total solids at not less than 10.5%. Holding the ordinance to be invalid because in conflict with state law, the court pointed out that a person might sell skimmed milk with the percentage of solids required by state law and still be in violation of the ordinance. Because a different classification was not authorized by the state for the city, the ordinance was not in harmony with the statute and must fail.

In the case at hand, however, the statute [Section 304.120, 2(4)] gives authority to the city to limit the use of certain designated streets to passenger vehicles. In other words authority is granted to ban all commercial vehicles on these streets. Acting within this authority, the city council, considering that residents of the area must be afforded delivery service, provides an exception as to vehicles used for that purpose. The city has a full grant of power to forbid all vehicles, but it chooses to exercise only part of this power.

Such a limited exercise of its legislative power by the city is within the authority of the statutory grant. The mere fact that the ordinance was not as broad as the statute does not render the ordinance so inconsistent as to make it void. In City of St. Louis v. DeLassus, 205 Mo. 578, 104 S.W. 12, 13, the defendant was charged with violation of a city ordinance that prohibited meat shops from keeping open or selling meat after 9:00 o'clock a. m. on Sunday. The state law forbids the exposure to sale of any goods, wares or merchandise on Sunday. The court sustained the conviction and validity of the statute, pointing out that the city could have made its ordinance as broad as the statute but merely because it did not do so, the ordinance was not thereby in conflict with the statute. The same reasoning was applied in City of St. Louis v. Scheer, 235 Mo. 721, 139 S.W. 434, where the city ordinance required that milk sold in the city should have not less than 8.5 per cent. of non-fat solids, whereas the statute required not less than 8.75 per cent. So also is the case of City of St. Louis v. Schulte, 235 Mo. 734, 139 S.W. 449, 450, where the city ordinance required

**182**

less butter fat than the state law. Komen v. City of St. Louis, 316 Mo. 9, 289 S.W. 838, 841, again upheld the bakery sales ordinance which had previously come under attack in City of St. Louis v. DeLassus, supra. See also 37 Am.Jur., Municipal Corporations, Sec. 117, p. 732; State ex rel. Russell v. Gardner, 218 Mo.App. 217, 265 S.W. 996, 999.

If we were to follow defendant Shackelford's reasoning, the statutory prerogative to forbid all except passenger vehicles would mean nothing to the city in the use and application of its authority. For if the city were to ban all commercial vehicles, residents on or near McKnight Road would have to arrange other cartage for all manner of goods, wares and merchandise. The movement of household furniture and appliances could be accomplished only with great inconvenience. We cannot believe the legislature intended such a strained construction which would lead to an unreasonable and absurd conclusion.

■ No attack has been made upon the reasonableness and constitutionality of Ordinance No. 51.17. In view of the determination that this ordinance was authorized by and is not in conflict with Sec. 304.120, RSMo 1959, V.A.M.S., such an ordinance enacted pursuant to statutory power is presumed to be reasonable and valid, absent any proof to the contrary. (Mauzy v. City of Pagedale, Mo.App., 260 S.W.2d 860, 864; Kansas City v. Aronson, Mo., 282 S.W.2d 464, 468; 60 C.J.S. Motor Vehicles § 20, p. 130.)

The judgment below is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.